## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KOHL'S DEPARTMENT STORES, INC., and NITCHES, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | Case No. 1:05-CV-01078 (ESH) |
| | ) | |
| FORIA INTERNATIONAL INC., 18689 Arenth Ave. City of Industry, CA 91748 | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT FORIA INTERNATIONAL'S
## MOTION TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE,
## TO TRANSFER VENUE

Defendant Foria International, Inc. ("Foria"), by its attorneys and pursuant to

Rules 12(b)(2) and (3) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1404(a) and

§ 1406(a), requests that this Court dismiss the complaint filed by plaintiffs Kohl's

Department Stores, Inc. ("Kohl's") and Nitches, Inc. ("Nitches") for lack of personal

jurisdiction and improper venue, or in the alternative, transfer this matter to the United

States District Court for the Central District of California.

As grounds for this motion, Foria states that:

1.      Personal jurisdiction did not exist over Foria at the time this action was

filed, nor does it exist now.  Contrary to the allegations set forth in the complaint, Foria

has never transacted or solicited any business of any kind and has no offices, employees,

customers, operations, or property of any kind in this District, and the minimum contacts

required for the exercise of personal jurisdiction over Foria do not exist.

2.      Venue in this judicial district is improper under 28 U.S.C. § 1391(b), § 1391(c), and 1400(a);

3.      Should the Court determine that venue exists in this District, however, the interests of justice and the balance of the private and public interests require that this action be transferred to the United States District Court for the Central District of California, where personal jurisdiction exists over Foria, venue is proper, and where this case might have originally been brought.

WHEREFORE, Foria respectfully requests the entry of an Order dismissing Kohl's and Nitches's complaint in its entirety, or in the alternative, transferring this action to the United States District Court for the Central District of California.


Date: June 22, 2005                    Respectfully submitted,

                                              /s/
                                       _____
                                       Jeffrey L. Eichen (D.C. Bar # 491035)
                                       Michelle M. Marcus (D.C. Bar # 482627)
                                       VENABLE LLP
                                       575 7th Street N.W.
                                       Washington, DC 20004
                                       Tel:  (202) 344-4000
                                       Fax:  (202) 344-8300
                                       Email:  mmmarcus@venable.com


                                       Of Counsel:
                                       Kassandra Clingan, Esquire
                                       Mark Fang, Attorney At Law, P.C.
                                       215 E. Daily Drive, Suite 9
                                       Camarillo, CA 93010
                                       (805) 383-2788

                                       Attorneys for Defendant Foria International Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KOHL'S DEPARTMENT STORES, | ) | |
| INC., and NITCHES, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 1:05-CV-01078 (ESH) |
| | ) | |
| FORIA INTERNATIONAL INC., | ) | |
| 18689 Arenth Ave. | ) | |
| City of Industry, CA  91748 | ) | |
| | ) | |
| Defendant. | ) | |

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FORIA**</u>
<u>**INTERNATIONAL'S MOTION TO DISMISS COMPLAINT, OR**</u>
<u>**IN THE ALTERNATIVE, TO TRANSFER VENUE**</u>

This motion raises three issues for decision:

1.      In order to exercise personal jurisdiction over an out-of-state defendant, the defendant must have certain "minimum contacts" with the forum state such that bringing the defendant into court does not offend traditional notions of fair play and substantial justice.  In this case, however, there are no contacts at all between Foria and this District—much less "minimum contacts" sufficient to meet the legal standard. Among other things, Foria has never transacted or solicited any business and does not have any offices, employees, customers, operations or property of any kind in this District.  Given these facts, is personal jurisdiction over Foria proper?

2.      In order to show proper venue, a plaintiff must establish that the out-of-state defendant is either subject to personal jurisdiction in the district or that a substantial part of the events or omissions occurred in the district.  In this case, however, Foria is not subject to personal jurisdiction in this District, and none of the events relating to this

action occurred in this District.  In light of these circumstances, is venue proper in this District?

3.      Finally, the Court may transfer of venue in order to satisfy the convenience of the parties and witnesses and the interests of justice.  In this case, there is no connection whatsoever between the facts of this case and this District.  Indeed, both Foria and Nitches are California companies, and Kohl's has 66 locations in California and none in this District.  Given that there is no personal jurisdiction over Foria in this District, no events relevant to this litigation occurred in this District, and all three parties have a close connection to the Central District of California, is it proper to transfer this matter to the United States District Court for the Central District of California?

Foria respectfully suggests that the answer to the first two questions is no.  If the Court determines that jurisdiction and venue somehow exist here, Foria respectfully suggests that the answer to the third question is yes.

## STATEMENT OF FACTS

Foria is a California corporation headquartered in City of Industry, California, and is in the business of manufacturing and distributing men's and boys' apparel, such as printed t-shirts and blue jeans.[1]  Foria does not sell goods directly to consumers; instead, Foria sells exclusively to retailers like Wal-Mart, Kohl's, and Bealls.[2]  As a manufacturer and distributor, Foria has no control at all over when, where, or how its customers might choose to resell Foria's goods to consumers.

---

[1] Declaration of Teddy Mang ("Mang Declaration"), ¶ 1.

[2] Mang Declaration, ¶ 2.

Foria has no offices, employees or operations in the District of Columbia, has no customers in the District of Columbia, and has never shipped any goods to or received any payments from the District of Columbia.[3] Foria has never engaged in or solicited any business within the District of Columbia, and Foria has never sent employees to the District of Columbia for the purpose of engaging in or soliciting business.[4] Foria does not have any agents or representatives in the District of Columbia, and Foria has never entered into any form of contract in the District of Columbia or with any party located in the District of Columbia.[5] Foria has not attended trade shows in the District of Columbia.[6] Foria has never advertised for business in the District of Columbia, nor has it ever sent catalogs or any other form of direct mail advertising to the District of Columbia.[7] Foria has no bank accounts, investment accounts or any form of personal or real property located in the District of Columbia, nor does it have a local telephone number.[8] Foria does not have a web site.[9] Indeed, Foria conducts its business and sells its products from its principal place of business in City of Industry, California.[10] In addition, the artist who created the copyrighted design at issue in this litigation is located in California.[11]

---

[3] Mang Declaration, ¶ 4.

[4] Mang Declaration, ¶ 5.

[5] Mang Declaration, ¶ 6.

[6] Mang Declaration, ¶ 7.

[7] Mang Declaration, ¶ 8.

[8] Mang Declaration, ¶ 9.

[9] Id.

[10] Mang Declaration, ¶ 3.

[11] Mang Declaration, ¶ 10.

As for the plaintiffs, Nitches is a California corporation based in San Diego, California, while Kohl's is a Wisconsin-based company, maintaining stores throughout the United States, including in California.[12]  Kohl's, however, does not operate any stores or other offices within this District.[13]  Indeed, Kohl's and Nitches appear to have no connection with the District of Columbia other than the presence of their attorney.

## ARGUMENT

I.    ***There are No Contacts Whatsoever Between Foria and This Judicial District, and so This Action Must be Dismissed for Lack of Personal Jurisdiction over the Defendant.***

To determine whether personal jurisdiction over an out-of-state corporation exists, the Court must engage in a two-part inquiry—the court must first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process.[14]

The District of Columbia's long-arm statute provides, in relevant part, as follows:

> *(a)  A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's— (1) transacting any business in the District of Columbia ...*[15]

---

[12] See Complaint, ¶¶ 4, 5; Declaration of Michelle M. Marcus ("Marcus Declaration"), ¶¶ 3-4 and Exhibits A & B attached thereto.

[13] Marcus Declaration, ¶ 3 and Exhibit A attached thereto.

[14] GTE New Media Servs., Inc. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000) (citing United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995)).

[15] D.C. CODE § 13-423(a)(1) (2005).

Courts have held, however, that the scope of "transacting business" under section (a)(1) extends as far as constitutional due process permits.[16] And so, when evaluating jurisdiction under section (a)(1), the two-part inquiry described above collapses into one question—whether the out-of-state defendant purposefully established minimum contacts with the District of Columbia "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[17]

To determine whether a plaintiff's transacting of business satisfies this constitutional due-process standard, this Court has enumerated four requirements:[18]

1.  the out-of-state defendant must have transacted some business within the District of Columbia;

2.  the claim must have arisen from the business that the defendant transacted within the District of Columbia;

3.  the out-of-state defendant must have some minimum contacts with the District of Columbia; and

4.  the Court's exercise of personal jurisdiction must not offend traditional notions of fair play and substantial justice.

To meet the minimum contacts standard, the plaintiff must show that the business transacted by the out-of-state defendant was purposefully directed at the District of

---

[16] Helmer v. Doletskaya, 393 F.3d 201, 205 (D.C. Cir. 2004) (citing Mouzavires v. Baxter, 434 A.2d 988, 992 (D.C. 1981)); GTE, 199 F.3d at 1347; Ferrara, 54 F.3d at 828.

[17] International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal citation omitted); see also Helmer, 393 F.3d at 205; GTE, 199 F.3d at 1347; Jungquist v. Sheikh Sultan Bin Khalifa al Nahyan, 115 F.3d 1020, 1031-32 (D.C. Cir. 1997); Ferrara, 54 F.3d at 828.

[18] Jung v. Association of Am. Med. Colleges, 300 F. Supp. 2d 119, 128 (D.D.C. 2004); Jacobsen v. Oliver, 201 F. Supp. 2d 93, 104 (D.D.C. 2002); Formica v. Cascade Candle Co., 125 F. Supp. 2d 552, 553 (D.D.C. 2001).

Columbia; random, fortuitous, tenuous or accidental contacts do not count.[19] Also, the fact that a defendant is aware that the stream of commerce might sweep the defendant's products into this District is not purposeful and thus does not satisfy the minimum-contacts requirement.[20] Moreover, the fact that the out-of-state defendant has filed a copyright certificate or other documents with the United States government does not constitute "transacting business" and thus cannot be used to satisfy the minimum-contacts requirement.[21]

The plaintiff bears the burden of establishing a *prima facie* case to support personal jurisdiction.[22] In other words, the plaintiff must come forward with actual evidence of contacts between the out-of-state defendant and the forum state sufficient to satisfy the requirements of due process. Bare allegations, bald speculation and conclusory statements do not satisfy this standard.[23] And, where the plaintiff cannot identify any specific facts to support its assertion of personal jurisdiction, then it is not an

---

[19] Cellutech, Inc. v. Centennial Cellular Corp., 871 F. Supp. 46, 49 (D.D.C. 1994) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (omitting citations)).

[20] Formica, 125 F. Supp. 2d at 555 (citing Asahi Metal Indus. Co. v. Superior Ct. of Cal., 480 U.S. 102, 112 (1987)); Holder v. Haarmann & Reimer Corp., 779 A.2d 264, 273 (D.C. 2001).

[21] Mallinckrodt Med., Inc. v. Sonus Pharms., Inc., 989 F. Supp. 265, 271 (D.D.C. 1998); Freiman v. Lazur, 925 F. Supp. 14, 24 (D.D.C. 1996).

[22] Second Amendment Found. v. United States Conf. of Mayors, 274 F.3d 521, 524 (D.C. Cir. 2001); Naegele v. Albers, 355 F. Supp. 2d 129, 136 (D.D.C. 2005); Manifold v. Wolf Coach, Inc., 231 F. Supp. 2d 58, 60 (D.D.C. 2002).

[23] GTE, 199 F.3d at 1349 (citing First Chicago Int'l v. United Exchange Co., 836 F.2d 1375, 1378-79 (D.C. Cir. 1988)); Jungquist, 115 F.3d at 1031; Naegele, 355 F. Supp. 2d at 136.

abuse of discretion to dismiss the complaint without allowing the plaintiff an opportunity to conduct jurisdictional discovery.[24]

In this case, Foria has never transacted or solicited any business in the District of Columbia and has no other contacts or connection to this District.  And so Foria's complete lack of contact with this District means that the matter must be dismissed immediately for lack of personal jurisdiction.

Among other things, Foria has no customers in this District and has never shipped goods to or received payment from any entity in this District.  Foria has never solicited business or advertised in this District.  Foria has no offices, employees, operations or property of any kind in this District.  Foria has never sent catalogs or other direct mail advertising into this District.  In short, Foria has never transacted or solicited any business at all within this District and does not satisfy any of the requirements for personal jurisdiction.

Indeed, the complete lack of any contact at all between Foria and the District of Columbia begs the question—on what supposed "facts" did Kohl's and Nitches rely when they filed their complaint in this Court?  The answer is perfectly clear from reading paragraph 3 of the complaint.  Kohl's and Nitches simply listed a series of general, conclusory statements that they had no reason to believe were actually true in this case:

> *On information and belief, this Court has personal jurisdiction over Defendant in that it is doing business in the District of Columbia, it is making claims of infringement in this District, it is intentionally committing the acts hereafter alleged in this District, it has substantial contacts with the District, including selling or offering to sell a substantial quantity of products in the District, it comes to the District on business, it visits retailers in the District in order to solicit business from such*

---

[24] Formica, 125 F. Supp. 2d at 556; see also Naartex Consulting Corp. v. Watt, 722 F.2d 779, 788 (D.C. Cir. 1983).

> *retailers, it sends catalogs to retailers in the District, and it communicates with District customers and potential customers for the purpose of inducing them to purchase products from defendant. On information and belief, Plaintiffs further aver that Defendant has attended trade shows in the District and/or close to the District, sold products on websites or to websites that target and sell to persons in the District, advertised or obtained media coverage in publications that are distributed in the District, and otherwise purposefully availed itself of the privilege of doing business in the District. Defendant has also subjected itself to personal jurisdiction in the District by committing torts against Plaintiffs and by attempting to obtain money from Plaintiffs in the District, by making false and frivolous claims against Plaintiffs in the District, using interstate wires and the mail that are subject to federal jurisdiction and that are located in part in the District.*

Not one of the statements shown in this paragraph is either true or open to debate. As described above, Foria has no customers in this District, has never visited this District to transact or solicit business and has never advertised in this District. Foria also has no web site and has never sent catalogs or any form of direct mail to this District. And, most significantly, Kohl's and Nitches themselves do not even have offices or employees in this District. So how can Kohl's and Nitches claim that Foria committed torts against them in this District or attempted to obtain money from them in this District?

In fact, the only connection between any of the parties and this District is the fact that Kohl's and Nitches's attorney, Megan Gray, is located in this District. Apparently, the litigation was filed in this Court for Ms. Gray's convenience only. And, to keep the Court from dismissing the case immediately for lack of personal jurisdiction, it appears that Ms. Gray included more than a dozen statements in the complaint that both of her clients know to be false.

In this case, it is indisputable that Foria has no contact at all with this District and that this action must be dismissed immediately for lack of personal jurisdiction. Indeed, Kohl's, Nitches and Ms. Gray have attempted to use false statements in their complaint to

8

hide this deficiency from the Court.  And, for this conduct, it appears that Foria is entitled

not only to dismissal but also perhaps sanctions—which Foria may raise in a separate

motion.

**II.    *Venue Is Improper in This Judicial District and so This Action Must Be Dismissed.***

In federal copyright cases such as this, two statutes provide a basis for venue:  28

U.S.C. § 1391 and § 1400.  Section 1391(b) establishes three places where venue is

proper in a federal-question action:

> *(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.*

Section 1400(a) provides that copyright actions "may be instituted in the district in which

the defendant or his agent resides or may be found."  Under both venue statutes, a

corporation is deemed to reside in any judicial district in which it is subject to personal

jurisdiction at the commencement of an action.[25]  In other words, venue is only proper in

a judicial district where the defendant is subject to personal jurisdiction or where a

substantial part of the alleged acts or omissions giving rise to the claims occurred in that

district.

It is the plaintiff's burden to demonstrate both the existence of personal

jurisdiction over the defendant[26] as well as the propriety of venue in the chosen forum.[27]

---

[25] 28 U.S.C. § 1391(c).

[26] Second Am. Found., 274 F.3d at 524; Naegele, 355 F. Supp. 2d at 136; Manifold, 231 F. Supp. 2d at 60.

[27] Davis v. American Soc'y of Civ. Eng'rs, 290 F. Supp. 2d 116, 121 (D.D.C. 2003) (citing cases and treatises).

If the plaintiff fails to meet this burden, venue in the chosen forum is improper and the Court must dismiss the case.[28]

In this case, venue in the District of Columbia is not proper for any of the reasons alleged by Kohl's and Nitches.

First, there is no personal jurisdiction over Foria in this District. As described above, Foria has never transacted or solicited any business of any kind in the District of Columbia, and maintains no offices, employees, customers, operations, or property of any kind in the District of Columbia. The requisite minimum contacts are absent, and Foria is not a resident of the District of Columbia.[29] And when there is no personal jurisdiction over a defendant, venue is improper.[30]

Second, none of the alleged acts or omissions at issue in this litigation occurred in the District of Columbia.[31] The artist who created the copyrighted design at issue in this litigation is located in California. Foria has no contacts with the District of Columbia, and had no such contacts when this action was instituted. Instead it is a California company, and conducts all of its business out of its California headquarters.

Also, neither Nitches nor Kohl's appear to have any contacts with the District of Columbia other than the presence of their attorney. Nitches is a California corporation, with its principal place of business in San Diego, while Kohl's is a Wisconsin-based

---

[28] Neubrech v. American Nat'l Red Cross, 2005 U.S. Dist. LEXIS 3587 *3-4 (D.D.C. Mar. 2, 2005).

[29] Naartex, 722 F.2d at 789 (venue was improper in large part because no defendant resided in District).

[30] See 28 U.S.C. §§ 1391(b)(1), (c), 1400(a); Naartex, 722 F.2d at 789; Gem County Mosquito Abatement Dist. v. EPA, 2005 U.S. Dist. LEXIS 5143 *30-32 (D.D.C. Jan. 4, 2005).

[31] Smith v. US Investigation Servs., Inc., 2004 U.S. Dist. LEXIS 23504 *9 (D.D.C. Nov. 18, 2004).

company with stores nationwide, including in California but not in the District of Columbia.  And neither Kohl's nor Nitches appear to have any offices or employees in the District of Columbia.

Consequently, none of the alleged acts or omissions connected with this litigation occurred in this District, and so Kohl's and Nitches cannot satisfy the "substantial part of the events or omissions" standard required by § 1391(b)(2) for venue.  Accordingly, venue in this District is improper and dismissal is appropriate.

Third, there is an alternate forum in which venue would have been proper, and so Kohl's and Nitches cannot avail themselves of the catchall venue provision of § 1391(b)(3), which applies only when there is no other district in which the action could have been brought.[32]  In this case, there is no question that this action could have been brought in the Central District of California where Foria resides, where it conducts its business, and where it is subject to personal jurisdiction.

Venue, therefore, does not lie in this District under any of the provisions asserted by Kohl's and Nitches in their complaint.  Pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), dismissal of the complaint is appropriate.[33]

---

[32] See 28 U.S.C. § 1391(c); Smith, 2004 U.S. Dist. LEXIS 23504 at *12 (rejecting § 1391(b)(3) as basis for venue because venue was also proper in Eastern District of Virginia under § 1391(b)(2)).

[33] Naartex, 722 F.2d at 789; Gem County, 2005 U.S. Dist. LEXIS 5143 at *30-32; Meyer v. Reno, 911 F. Supp. 11, 15 (D.D.C. 1996).

11

**III.    In the Alternative, This Action Should Be Transferred to the United States District Court for the Central District of California**

Even if this Court finds that venue is somehow proper in this District, the case should be transferred to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a).

Under that section, courts may transfer an action to any other district in which the case might have been brought, for the convenience of the parties and witnesses and in the interests of justice. The § 1404(a) analysis thus consists of two parts: could the action have been brought originally in the proposed transferee district (*i.e.*, does personal jurisdiction exist and is venue proper in the transferee forum), and would the transfer be for the convenience of the parties and witnesses and in the interests of justice?

In assessing fairness and convenience under this section, this Court has enumerated a number of case-specific private and public factors that must be balanced.[34] Among the private factors considered are: "(1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access to sources of proof."[35] The first factor – plaintiff's choice of forum – is given little weight, if any, when the plaintiff is not a resident of the chosen forum,[36] and when that choice has "no

---

[34] Trout Unlimited v. United States Dept. of Agric., 944 F. Supp. 13, 16 (D.D.C. 1996) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22 (1988)).

[35] Schmidt v. American Inst. of Sci., 322 F. Supp. 2d 28, 31-32 (D.D.C. 2004) (citing Trout, 944 F. Supp. at 16).

[36] Liban v. Churchey Group II, 305 F. Supp. 2d 136, 141-142 (D.D.C. 2004).

meaningful ties to the controversy and no particular interest in the parties or subject matter."[37]

The Court will also consider the following public interest factors: (1) the familiarity of the transferee forum with the governing laws; (2) the relative congestion of the calendars of the transferor and transferee fora; and (3) the local interest in deciding local disputes at home.[38]

In this case, transfer is appropriate under § 1404(a). First, it is beyond dispute that this action could have been brought originally in the Central District of California. Foria is a resident of, and maintains its principal place of business in that District, and as such is subject to the personal jurisdiction of that court.[39] Moreover, venue is proper in the Central District of California pursuant to at least 28 U.S.C. § 1391(b) due to Foria's residence within the district.

Second, the balance of the public and private interests weighs in favor of transfer. With regards to the private factors, it is unquestionable that they support the transfer of this action. Kohl's and Nitches's choice of forum should be given no weight at all, as there is no connection whatsoever between Foria, Kohl's, or Nitches and the District of Columbia, much less any factual nexus between the District and any claims asserted against Foria. In fact, neither Kohl's nor Nitches appear to maintain any offices or

---

[37] Schmidt, 322 F. Supp. 2d at 33 (quoting Chung v. Chrysler Corp., 903 F. Supp. 160, 165 (D.D.C. 1995)); see also Trout, 944 F. Supp. at 17 ("The showing that defendants must make is lessened when the 'plaintiff[s'] choice [of forum] has no factual nexus to the case,' and where, as in this case, transfer is sought to the forum with which plaintiffs have substantial ties and where the subject matter of the lawsuit is connected to that state."); Armco Steel Co. v. CSX Corp., 790 F. Supp. 311, 323 (D.D.C. 1991).

[38] M Airport Working Group of Orange County v. United States Dept. of Defense, 226 F. Supp. 2d 227, 229 (D.D.C. 2002) (J. Huvelle) (quoting Trout, 944 F. Supp. at 16).

[39] Burger King, 471 U.S. at 475; Davis, 290 F. Supp. 2d at 124.

employees within this District; their only connection to this District is through their counsel, Megan Gray. And as this Court has found in other cases, the fact that a party's counsel is based in Washington, D.C., is irrelevant to a transfer analysis.[40] As a result, no deference should be paid to Kohl's and Nitches's choice of forum.

On the other hand, each party has strong ties to the Central District of California. Foria is resident in the Central District, both Foria and Nitches are California corporations and maintain headquarters there, while Kohl's maintains stores and conducts business within the transferee forum, including numerous stores and a distribution center within the Central District of California.[41] As a result, all of the relevant witnesses and documents, appear to be located either within the transferee district or within its subpoena power. Also, as a Wisconsin corporation, Kohl's will have to travel about the same distance whether the action is litigated in the District of Columbia or in California.

As for the public factors, they again weigh in favor of transferring the instant case to the Central District of California. The Central District of California is as well equipped to handle a copyright claim as this Court. In addition, this Court should not be burdened with a case having no connection to this District.[42] And there is no reason to believe that the resolution of this case might be delayed due to a transfer, especially since the complaint has just been filed.[43] And finally, California possesses the greater local interest in this action. All of the facts and events relevant to this dispute occurred in

---

[40] DSMC, Inc. v. Convera Corp., 273 F. Supp. 2d 14, 22 (D.D.C. 2002).

[41] See Marcus Declaration, ¶¶ 3-5 and Exhibits A-C attached thereto.

[42] Air Line Pilots Ass'n v. Eastern Air Lines, 672 F. Supp. 525, 526 (D.D.C. 1987) (conservation of judicial resources is proper consideration in transfer of venue analysis).

[43] Trout, 944 F. Supp. at 19 (concluding that transfer would not unnecessarily delay resolution given that case was in earliest stages).

California. Foria has no contacts with the District of Columbia, the parties are all residents of California and conduct business there, and Foria's and Nitches's principal places of business are in California. Accordingly, the public interest factors also fall in favor of transfer.

Third, should the Court deem dismissal is not warranted, the interests of justice indicate transfer is both proper and appropriate. Kohl's and Nitches have brought this case in a forum lacking personal jurisdiction over Foria, and where venue is improper. Indeed, Kohl's and Nitches's only connection to the District is the presence of its attorney. Moreover, this case could have been brought in another district, in which personal jurisdiction and venue may both be found, and where the burden to all parties would have been lessened. All three companies conduct business in the transferee forum, Foria and Nitches are registered and headquartered in California, and Kohl's is a large, nationwide company who can bear the cost of traveling to California to litigate this action (and indeed, would have to bear distance-related costs even if the Court declined to transfer). Foria should not be put to the tremendous and unfair burden of litigating a case in the District of Columbia under these circumstances.

## CONCLUSION

To put it simply, Foria does not have any kind of contact with or business in the District of Columbia—and both Kohl's and Nitches know it. This Court might be a convenient place for Ms. Gray to litigate, but that does not mean that jurisdiction over Foria exists or that venue is proper. As Foria has no contacts whatsoever with the District of Columbia and as venue does not lie in this District, the case must be dismissed

immediately.  In the alternative, this Court should transfer this action to the United States

District Court for the Central District of California.

Date: June 22, 2005                    Respectfully submitted,

                                       /s/
                                       _____
                                       Jeffrey L. Eichen (D.C. Bar # 491035)
                                       Michelle M. Marcus (D.C. Bar # 482627)
                                       VENABLE LLP
                                       575 7th Street N.W.
                                       Washington, DC 20004
                                       Tel:  (202) 344-4000
                                       Fax:  (202) 344-8300
                                       Email:  mmmarcus@venable.com


                                       Of Counsel:
                                       Kassandra Clingan, Esq.
                                       Mark Fang, Attorney At Law, P.C.
                                       215 E. Daily Drive, Suite 9
                                       Camarillo, CA 93010
                                       (805) 383-2788

                                       Attorneys for Defendant Foria International, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 22, 2005, a true and correct copy of the foregoing

Defendant Foria International's Motion to Dismiss Complaint, or in the Alternative, to

Transfer Venue was served as follows:

**<u>VIA U.S. MAIL</u>**

Megan E. Gray, Esq.
Roylance, Abrams, Berdo & Goodman LLP
1300 19th Street, NW  Suite 600
Washington, D.C. 20036

/s/

_____
Michelle M. Marcus (D.C. Bar # 482627)

17