**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

1

2

3  KOHL'S DEPARTMENT STORES,                    )
   INC., and NITCHES, INC.,                     )
4                                               )
                     Plaintiffs,                )
5  v.                                           )        Case No. 1:05-CV-01078 (ESH)
                                                )
6  FORIA INTERNATIONAL INC.,                    )
7  18689ArenthAve.                              )
   City of Industry, CA  91748                  )
8                                               )
                     Defendant.                 )
9

10

11

12

13

14

**PLAINTIFFS' MEMORANDUM**

**(1)    IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT AND,**

**IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE; AND**

**(2)    IN SUPPORT OF PLAINTIFF'S MOTION TO CONDUCT LIMITED**

**JURISDICTIONAL DISCOVERY**

I:\n\Nitches\OppMTD with tables.doc

**Table of Contents**

I.   Introduction ........................................................................................................... 1

II.  Foria's Perjury:  Its Regular Business Shipments to the Stein Mart Store in this District
Establish General Jurisdiction, or at least, Specific Jurisdiction ......................................... 2

   A.   General Jurisdiction Based on Stein Mart Shipments ................................................ 3

   B.   Specific Jurisdiction Based on Stein Mart Shipments .............................................. 3

III. Foria's Perjury as to Its DC Stein Mart Contacts Lays the Groundwork to Reasonably
Suspect Other Contacts in light of Foria's Extensive National Business Network ........................ 4

IV.  Foria's Perjury on Stein Mart Lays the Groundwork to Reasonably Suspect Other Contacts in
light of Foria's Inability to Provide Artist Identification .................................................. 7

V.   Plaintiffs Have Established a Prima Facie Case of Personal Jurisdiction such that Plaintiffs
Should be Granted Jurisdictional Discovery ................................................................... 8

VI.  The District of Columbia is the Proper Venue for this Lawsuit .............................................. 9

VII. Foria Has Not Carried Its Burden for Transfer to the Central District of California ............. 10

VIII. As Between Los Angeles (Central District of California) and San Diego (Southern District of
California), Venue Is Best Placed in San Diego ................................................................ 14

IX.  Conclusion ............................................................................................................. 15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Cases**

Airline Pilots Ass'n v. Eastern Airlines ............................................................................ 10

AMAF Int'l Corp. v. Ralston Purina Co., ........................................................................... 3

COMSAT Corp. v. Finshipyards S.A.M ............................................................................. 4

Corson & Gruman Co. v. NLRB ...................................................................................... 15

El-Fadl v. Central Bank of Jordan ........................................................................... 3, 8, 11

Formica v. Cascade Candle Co. ........................................................................................ 4

Gemological Inst. Of America, Inc. v. Phan .................................................................... 14

GTE New Media Servs., Inc. v. BellSouth Corp. ............................................................... 8

Gulf Oil Corp. v. Gilbert ................................................................................................. 10

Herbert v. National Academy of Sciences ........................................................................ 15

Hughes v. A.H. Robins Co. ................................................................................................ 3

Keeton v. Hustler Magazine, Inc., ..................................................................................... 4

Liban v. Churchey Group II, L.L.C., ............................................................................... 11

Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino ............................................................... 8

Mitchell Energy Corporation v. Mary Helen Coal Co., Inc., .............................................. 4

National Bank of Washington v. Mallery ................................................................... 10, 14

Natural Resources Defense Council, Inc. v. United States EPA ....................................... 15

Pennsylvania Elec. Co. v. FERC ..................................................................................... 15

Ross v. Product Dev. Corp. ............................................................................................... 3

Schmidt v. Am. Inst. of Physics ........................................................................................ 9

SGS-Thomson Microelectronics, Inc. v. Int'l Rectifier Corp ............................................. 4

Stratagene v. Parsons Behle & Latimer ........................................................................... 12

Trintec Indus., Inc. v. Pedre Promotional Prods., Inc. .................................................... 8, 9

Volkswagen ....................................................................................................................... 4

Wilderness Soc'y v. Babbitt ...................................................................................... 11, 12

World-Wide Volkswagen Corp. v. Woodson, ..................................................................... 4

**Statutes**

110.01[4][a] ...................................................................................................................... 10

28 U.S.C. § 1404 ............................................................................................................. 10

D.C. Code § 13-334 ........................................................................................................... 3

I:\n\Nitches\OppMTD with tables.doc

## I.  **Introduction**

For the past 18 months, Defendant Foria International Inc. ("Foria") had made groundless and unrelenting threats against Nitches, Inc. and its customer, Kohl's Department Stores, Inc., for copyright infringement of a design that Foria registered with the Copyright Office.  The lack of merit in these threats is self-evident for the plethora of reasons laid out in the Complaint.  Tired of Foria's refusal to either go away or follow through on its explicit threats to file a lawsuit, Nitches and Kohl's have filed this lawsuit against Foria for two causes of action, namely a declaratory judgment that there is no infringement, and for an order to the Copyright Order to cancel the registration.

After this lawsuit was served, Foria sent letters to Plaintiffs' counsel, asserting that there was no jurisdiction over Foria in this District, but did not provide anything more than that blanket, one-sentence, self-serving conclusion.[1]  In an effort to resolve this threatened jurisdictional dispute without the need for motion practice, Plaintiffs' counsel sent multiple letters to Foria's counsel, asking for the factual/legal basis for that assertion so she could evaluate its merit.  Gray Decl. ¶ 3. Foria refused to provide this information, and instead chose to file this Motion to Dismiss.[2]  Even after filing the Motion, Plaintiffs attempted to resolve this matter without unduly bothering the Court, offering to consider dismissal and/or transfer, and requested that the parties stipulate to stay the matter while the attorneys negotiated on where, if at all, the case should be pursued.  Foria refused to participate in this dialog.  Gray Decl. ¶ 5.

This refusal was short-sighted, because a full exploration of the facts demonstrates that Foria has continuous and systematic contacts with DC sufficient to support the fair exercise of personal jurisdiction.

Moreover, it is clear that Foria has either affirmatively misled or not disclosed to this Court the complete nature of its DC contacts.  Accordingly, and in keeping with well-established federal principles, this Court should order limited jurisdictional discovery so that the matter can be decided on the true merits of the jurisdictional circumstances.

---

[1] Actually, in clear violation of the Professional Rules of Conduct, forbidding communications with represented parties, Foria's counsel sent her letter directly to Kohl's.   Gray Decl. ¶ 4.

[2] While ignoring Plaintiffs' requests for the factual and legal support for the claimed lack of jurisdiction, Foria nonetheless has the audacity to threaten sanctions.

Further, under the law of this District and others, transferring venue from a plaintiff's chosen district to another one is permitted only in extraordinary circumstances. In this case, Foria has produced no evidence rising to this level that would justify transferring venue to a district that benefits *only Foria itself*.

## II.    **Foria's Perjury: Its Regular Business Shipments to the Stein Mart Store in this District Establish General Jurisdiction, or at least, Specific Jurisdiction**

Plaintiffs can establish that Foria has perjured itself in claiming that it has zero contacts with this forum.[3]

One of Foria's customers is a large retail company, Stein Mart Inc. Plaintiffs have knowledge of this fact because of three reasons. First, Foria's apparel is currently being sold in Stein Mart stores. Walker Decl. ¶ 4 (including sales receipts and Foria identification on the apparel) Gray Decl. ¶ 15. Second, during an in-person meeting within the last month, Stein Mart indicated to Nitches that Foria is one of Stein Mart's current vendors vis-a-vis its private label programs for apparel. Ochotsky Decl. ¶ 2. Third, a mutual supplier to both Foria and Nitches has confirmed that Foria does large, recurring business with Stein Mart. Ochotsky Decl. ¶ 3.

**How is Stein Mart relevant to this Motion? Stein Mart has a retail store in Washington, DC – 5345 Wisconsin Ave, Washington DC 20015 - and that location is currently selling Foria apparel.**[4] Moreover, this Foria product is not an isolated occurrence that slipped by somehow, or was returned by a customer who might have purchased the item in another state but somehow returned it to the DC store. In fact, this Stein Mart store is selling large quantities of Foria apparel, in numerous colors, sizes, and designs. Walker Decl. ¶ 4. Indeed, the Foria apparel being sold in the DC store of Stein Mart has the same beach motif as the design at issue in this litigation.[5] Walker Decl. ¶ 5.

---

[3] Although Plaintiffs would certainly be justified in requesting sanctions for having to respond to Foria's meritless motion, in light of Foria's perjury, Plaintiffs' counsel does not make such requests until a party has established a trail of deceit, delay, or other inappropriate behavior. Gray Decl. ¶ 9. Moreover, as Plaintiffs have warned Foria multiple times, Plaintiffs will recover their full attorneys fees and costs as the prevailing party in this litigation, under Section 505 of the Copyright Act.

[4] http://www.steinmart.com/ (search store locations). Stein Mart is headquartered in Florida.

[5] It makes sense that Plaintiffs have not found apparel with the at-issue design in the Stein Mart store this week, because Foria presumably included that design as part of its line almost two years ago, as one must conclude from the date of Foria's first demand letters 18 months ago. In the apparel industry, companies have to change the specific designs in their lines regularly to avoid an appearance of being "stale." Wyandt Decl. ¶ 7.

**But that is not all. Stein Mart, unlike many other retailers, requires its vendors to ship directly to all store locations, not to a central distribution depot.**[6] Ochotsky Decl. ¶ 4. Indeed, Stein Mart does not even have its own distribution center. Ochotsky Decl. ¶ 5. To explain in more detail, some companies, like Target, purchase product from a vendor (like Foria), and require the vendor to ship to a central distribution warehouse, from which Target itself takes responsibility for shipping the product to its individual stores. In contrast, Stein Mart requires its vendors to ship directly to the stores themselves, not to a centralized distribution center.

The bottom line is that Foria has shipped product, and continues to ship product, into Washington, DC, to the Stein Mart store located here, contrary to Foria's declaration under oath. Further, that product bears the same beach motif as the copyrighted design at issue in this litigation. It stands to reason that Foria most likely shipped product bearing the allegedly copyrighted design into Washington, DC, to the Stein Mart store located here.

### A.    General Jurisdiction Based on Stein Mart Shipments

D.C. Code § 13-334(a) provides general personal jurisdiction for a "foreign corporation doing business in the District." The defendant must maintain contacts that are "regular, systematic, and continuous, which were purposefully established by the defendant to advance corporate interests in D.C. and the exercise of personal jurisdiction over the defendant did not offend traditional notions of fair play and substantial justice." Ross v. Product Dev. Corp., 736 F. Supp. 285 (D.D.C. 1989); AMAF Int'l Corp. v. Ralston Purina Co., 428 A.2d 849, 850 (D.C. 1981); El-Fadl v. Central Bank of Jordan, 75 F.3d 668, 675 (D.C. Cir. 1996); Hughes v. A.H. Robins Co., 490 A.2d 1140, 1142, 1149 (D.C. 1985)("We may find jurisdiction if [the defendant] ... has 'been carrying on in [the District] a continuous and systematic, but limited, part of its general business.'"

Thus, by regularly shipping its product into this District as part of its business (whether or not that product bears the at-issue copyrighted design), Foria is subject to general jurisdiction here.

### B.    Specific Jurisdiction Based on Stein Mart Shipments

The District of Columbia's long-arm statute provides specific jurisdiction over Foria under D.C. Code § 13-423(a)(1), which provides that the court may exercise personal jurisdiction over a person as to a claim for relief arising from that person's "transacting any business in the District of Columbia." Indeed, a single act in the jurisdiction by Foria may be sufficient to constitute

---

[6] Nitches is quite familiar with how Stein Mart conducts its business, and its requirements for its vendors, because Nitches, like Foria, is also a vendor to Stein Mart. Otchosky Decl. ¶ 6.

1  "transacting business" under Section 13-423(a)(1), thereby conferring personal jurisdiction.

2  <u>Mitchell Energy Corporation v. Mary Helen Coal Co., Inc.</u>, 524 F. Supp. 558, 563 (D.D.C. 1981).

3            To establish personal jurisdiction under the 'transacting business' clause of the long-arm

4  statute, a plaintiff must demonstrate that (1) the defendant transacted business in the District; (2) the

5  claim arose from the business transacted in the District (so-called specific jurisdiction); (3) the

6  defendant had minimum contacts with the District; and (4) the Court's exercise of personal

7  jurisdiction would not offend 'traditional notions of fair play and substantial justice.'"  <u>Formica v.</u>

8  <u>Cascade Candle Co.</u>, 125 F. Supp. 2d 552, 553 (D.D.C. 2001), citing <u>COMSAT Corp. v.</u>

9  <u>Finshipyards S.A.M.</u>, 900 F. Supp. 515, 521 (D.D.C. 1995); <u>see also</u> <u>World-Wide Volkswagen Corp.</u>

10 <u>v. Woodson</u>, 444 U.S. 286, 297-298 (1980)(party who deliberately exploited the market by shipping

11 its product to that market must reasonably anticipate being haled into court there); <u>Keeton v. Hustler</u>

12 <u>Magazine, Inc.</u>, 465 U.S. 770 (1984)(non-resident petitioner secured personal jurisdiction over a

13 non-resident respondent magazine publisher based on circulation of respondent's magazine in the

14 forum state).  <u>See also</u> <u>See</u> <u>SGS-Thomson Microelectronics, Inc. v. Int'l Rectifier Corp.</u>, 1994 WL

15 374529, at *2 (Fed. Cir. July 14, 1994) (company with no physical presence in forum state, but that

16 sells product there through agents, may be subject to personal jurisdiction depending on the extent of

17 the company's contacts).

18           By regularly shipping its product to the DC Stein Mart, Foria regularly does business in this

19 District.  Moreover, because Foria sells to the DC Stein Mart the same type of shirt with the same

20 type of beach design, Foria likely sold apparel to Stein Mart with the allegedly infringed copyrighted

21 design at issue in this lawsuit.  These two facts establish all four of the required elements for specific

22 jurisdiction.

### III.    Foria's Perjury as to Its DC Stein Mart Contacts Lays the Groundwork to Reasonably Suspect Other Contacts in light of Foria's Extensive National Business Network

           This Stein Mart connection, and apparent perjury by Foria, is more than enough to establish

personal jurisdiction, under either the general or specific prong.  However, there is an additional

reason to doubt to doubt the veracity of the Foria declaration, and its claim as to "no contacts" with

this jurisdiction.  Foria is simply too large and too active to likely have "no contacts."

According to Dun & Bradstreet business reports, Foria is a company founded almost three decades ago (in 1978), with approximately $32,000,000 in sales and 111 employees, with offices in California and New York.[7]  Gray Decl. ¶ 16.  Foria does not give the appearance of being a small company just minding its business in Los Angeles.   Notably, the Defendant is named "Foria International" (emphasis added) and the leading industry newsletter, "Apparel News," reports that Foria has "channels of global distribution."[8]   As one would expect, Foria has a sophisticated computer system to handle its expansive business dealings all over the country, to the point where it is a featured client of BlueCherry, which provides an integrated, "multi-platform enterprise resource planning, supply chain management, and sales automation system," and is "the [apparel] industry's most comprehensive system for tying together …. supply chain."[9]

Indeed, Foria has already admitted that it sells to such large retailers as Wal-mart, Bealls, and even one of the Plaintiffs (Kohl's).  See Motion, page 2.  These retailers could have distribution centers in the DC area, even if they don't have retail stores here.  In addtition, there are obviously other apparel retailers in this District, like Hecht's, to whom Nitches sells.[10]  Wyandt Decl. ¶ 3. Given the type of retailer to which Foria admittedly sells, and evidence of the overlapping nature of Nitches' and Foria's customers, there is a significant chance that Hecht's is also a Foria customer.[11] Wyandt Decl. ¶ 3.  If in fact Hecht's or other apparel retailers with DC stores are Foria customers, it is inconceivable that Foria does not have contacts with this District, whether by shipping here (as with Stein Mart), making sales calls here, collecting unsold and returned merchandise here, promoting apparel here, etc.  The parties' overlapping customer base further supports the likelihood of Foria having DC contacts because Nitches has, in the first six months of this year alone, sold almost $54,000 of product into this District – Foria likely has had equivalent sales.  Wyandt Decl. ¶ 6.

---

[7] Not solely California, as Foria implies in Paragraph 3 of the Mang Declaration.

[8] See http://www.apparelnews.net/Archive/100600/News/news.html (date of article unknown).

[9] See http://www.bluecherry.com/results/ and http://www.cgsinc.com/services/application/.

[10] Hecht's has a store located at 1201 G. Street in Washington, DC.  See http://www.hechts.com/common/contStorelist.jsp?state=DC&divCode=WB&Site=Div&jsessionid=0.

[11] Nitches and Foria both sell to Stein Mart and Kohl's, for example.  Wyandt Decl. ¶ 3.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Further, far from being sequestered in the Los Angeles area, Foria has been a party (and did not contest jurisdiction) in the Northern District of Texas (Case Numbers 4:02-cv-00590, 4:03-cv-00357, and 4:01-cv-01021), the Northern District of Alabama (2:04-cv-03076-VEH), the Southern District of New York (Case Numbers 03-08848-reg and 03-06821-reg), the District of Delaware (Case Number 02-09142-RTL), and the Western District of Washington (Case Number 3:05-cv-05058-RJB).[12]  Similarly, Foria is no stranger to the District of Columbia, having filed 24 copyright applications with the Copyright Office and a variety of trademark applications with the Patent and Trademark Office (one of which was found to violate the famous POLO trademark), and litigated with the US Department of Labor, Board of Alien Labor Certification Appeals.  See Foria Int'l, Inc., 88-INA-375 (Dep't Labor 1989)(noting Foria's Taiwan branch office, and describing employee job as "conducts market research of different variety of garments in Taiwan and America….Gathers data on competitors in America and Taiwan, and analyzes prices, sales, and method of marketing and buying habits…").[13]

Moreover, according to news reports, Foria has a 50% investment in 33 Degrees, an apparel company that "is on track to hit approximately $20 million in sales…[and has clothes] carried in retailers such as Urban Outfitters…."[14]  Notably, Urban Outfitters has a large store in Georgetown and at Gallery Place here in the District of Columbia, as well as significant Internet sales.[15]  As 33 Degrees put it, "It is very important to me to have a working partner [like Foria].  What [Foria] brings to the table is international licensing, domestic licensing, and international retail stores."[16]

More reason to reasonably suspect Foria's blanket assertions of no contact with DC is found in the biography of Foria's founder, Frank S. Yuan.  Mr. Yuan is now the Chairman and CEO of ASAP Global Sourcing Show, which is "the world's largest garment & textile sourcing trade

---

[12] All dockets are subject to mandatory judicial notice (FRE 201) and are available from PACER.

[13] Plaintiffs do not assert that Foria's applications to and regulatory appeals with the federal government constitute independent grounds for personal jurisdiction; rather they show that Foria has many tentacles and an expansive business, leading to the reasonable conclusion of (or at least grounds for jurisdictional discovery regarding) significant commercial contacts with this jurisdiction.

[14] See http://www.apparelnews.net/Archive/100600/News/news.html (date of article unknown).

[15] See http://www.urbanoutfitters.com/custserv/customerservicemain.jsp?cid=47.

[16] While a defendant corporation's contacts with a forum may not be ordinarily attributed to affiliated corporations, an exception exists where the party contesting jurisdiction is found to be nothing more than the alter ego of an affiliated corporation over which the court has jurisdiction; in such a case, the affiliated corporation's jurisdictional contacts may be extended to reach the corporate entity.  Atlantigas Corp. v. Nisource, Inc., 290 F. Supp. 2d 34, 48 (D.D.C. 2003).

show."[17]  As stated in his biography, Mr. Yuan also founded U.N. Imports and co-founded United National Bank, Evertrust Bank and Western Cities Title Insurance Company and is Chairman of the board of directors for ServAmerica National Title. He is also the Chairman of the Board for J.J.J. USA Inc., which is the leading waste management company in China.  Id.  Given his wide-ranging network, which no doubt includes people and companies in the District of Columbia, it seems unlikely that he neglected to exploit those relationships and contacts in building up and maintaining Foria's business successes.

Given the size and scope of Foria's business, and based on Plaintiffs' experience with the apparel industry, Plaintiffs have every reason to believe that Foria has contacts with this forum. Wyandt Decl. ¶ 4.  Simply put, an apparel company selling to national chains of retailers and doing 32 million dollars of business in locations as far flung as Alabama, Delaware, Texas, Florida, Taiwan, Wisconsin, Washington, California, and New York (and investing in and becoming a "close working partner" with another national apparel brand) isn't likely to have completely avoided any contacts with this District, especially when its founder is clearly an international commercial jet-setter.

## IV.    **Foria's Perjury on Stein Mart Lays the Groundwork to Reasonably Suspect Other Contacts in light of Foria's Inability to Provide Artist Identification**

As part of pre-litigation settlement discussions, Plaintiffs requested in writing that Foria identify the name and location of the artist that supposedly created the at-issue copyrighted design. Gray Decl. ¶ 7.  Foria's counsel unambiguously stated that Foria is unable to identify this individual or where he/she might be located now.  Gray Decl. ¶ 7.  Nonetheless, Foria filed the Mang Declaration stating in Paragraph 10 that the artist (who is mysteriously unnamed) is not located in this District.[18]  That "facts" is simply impossible for Foria to know, one way or another, when Foria cannot even determine who that artist is!   Without identifying the artist, Foria cannot determine if the individual was located in California or Taiwan or this District at the time of creation, or if he has

---

[17] See http://www.asapshow.com/aboutus.html.

[18] Tellingly, despite multiple written requests, Foria has never produced the actual copyright registration, which must list the artist's nationality and domicile, as well as the nation of first publication of the design.  See Copyright Form posted on Copyright Office website, http://www.copyright.gov/forms/formvai.pdf.

moved to this District in the time since the design was allegedly created.[19]  Nor is Foria's memory likely to be reliable, when the Copyright Office records show that this design was created 5 years ago, and when Foria's counsel has claimed to Plaintiff's counsel that Foria creates numerous designs every year.[20]  Gray Decl. ¶ 8.

The most plausible explanation is that Foria has perjured itself again, and has no idea who this artist is, where he used to reside, or where he resides now or even if he is still alive.

The location of this artist obviously has bearing on the jurisdictional issue as well as the venue dispute.

**V.    Plaintiffs Have Established a Prima Facie Case of Personal Jurisdiction such that Plaintiffs Should be Granted Jurisdictional Discovery**

A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery to prevent the defendant from defeating the jurisdiction of the court by withholding information on its contact with the forum.  El-Fadl v. Central Bank of Jordan, 75 F.3d 668, 676 (D.C. Cir. 1996).  A plaintiff faced with a motion to dismiss must only make a *prima facie* showing to support jurisdiction to defeat a motion to dismiss when there has not been discovery on the jurisdictional issue.  Trintec Indus., Inc. v. Pedre Promotional Prods., Inc., 395 F.3d 1275, 1282 (D.D.C. 2005).  The Court must construe all pleadings and affidavits and resolve all disputed questions of fact in the plaintiff's favor.  Trintec, 395 F.3d at 1282-1283.  Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3rd Cir. 1992) (holding that plaintiff's right to conduct jurisdictional discovery should be sustained when factual allegations suggest the possible existence of requisite contacts between the defendant and the forum state with "reasonable particularity.").  Trintec, 395 F.3d at 1283 (vacating district court's dismissal based on personal jurisdiction and remanding to "take all necessary action, including whatever discovery appears appropriate" to ensure that the record is "complete").

This support for jurisdictional discovery makes perfect sense because a plaintiff facing a motion to dismiss for lack of personal jurisdiction has typically not received any real opportunity to conduct discovery.  Given that facts relating to jurisdiction are almost certainly in the defendant's hands, it would be particularly unfair to dismiss the plaintiff's case for presenting less than complete

---

[19] Like almost all apparel companies, Foria likely purchases artwork from independent contractors, who can be located anywhere, and who then assign ownership rights to Foria - indeed, many art houses used by apparel companies are located overseas.  Wyandt Decl. ¶ 5.

[20] http://www.copyright.gov/records/cohm.html (search registration number VA 1-243-904).

proof of jurisdiction in response to a motion to dismiss. For the same reason, it is generally considered improper to dismiss a plaintiff's case for lack of personal jurisdiction when the plaintiff "demonstrates that it can supplement its jurisdictional allegations through discovery." GTE New Media Servs., Inc. v. BellSouth Corp., 199 F.3d 1343, 1349 (DC Cir. 2000).

As more fully described above, Plaintiffs have reason to believe that discovery will further contradict Foria's assertions and demonstrate, *inter alia*, that Foria regularly reaches into DC to conduct business by shipping apparel product, soliciting potential customers, selling its product and advertising. Specifically, Plaintiffs have reason to believe that discovery will demonstrate that Foria has an ongoing, substantial business relationship with the DC location of Stein Mart, and with Hecht's and other retailers located in this District, with an artist or art-house, as well as through Foria's partnership/investment with 33 Degrees and Foria's founder, Mr. Yuan. Such discovery may also yield information regarding the additional sales by Foria in DC as a result of its well known global distribution system and extensive domestic licensing programs, as reported in the industry's leading newsletter.

In keeping with the foregoing authority, Plaintiffs ask this Court to enter a preliminary scheduling order authorizing: (a) Plaintiffs to conduct limited jurisdictional discovery for sixty (60) days; (b) Plaintiffs to file a supplemental opposition to Foria's motion to dismiss concerning personal jurisdiction two (2) weeks after the close of discovery; and (c) Foria to file a supplemental reply seven (7) days after Plaintiffs file their supplemental opposition.

## VI.    The District of Columbia is the Proper Venue for this Lawsuit

Venue in this judicial district is proper under three sections of the US Code:

- 28 USC 1391(b) (venue is proper where defendant resides),
- 28 USC 1391(c) (defendant corporation is deemed to reside where subject to personal jurisdiction), and
- 28 USC 1400(a) (civil actions relating to copyrights may be instituted in the district in which the defendant resides).

See also Schmidt v. Am. Inst. of Physics, 322 F. Supp. 2d 28, 32 (D.D.C. 2004).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VII.    Foria Has Not Carried Its Burden for Transfer to the Central District of California

Notwithstanding the issue of whether venue can be established here, Foria requests transfer based on considerations of convenience and interests of justice.

Before turning to the legal analysis of this request, Plaintiffs refute three factual assertions made by Foria.  First, Foria inaccurately accuses Plaintiffs of filing this lawsuit in DC solely because their attorney resides here.  However, as Plaintiffs' counsel wrote to Foria's counsel on April 21st, the vast majority of Ms. Gray's practice is conducted in California.[21]  She pointed out then, and points out again here that she personally finds this forum no more or less convenient than California.  Gray Decl. ¶ 10.

Second, Foria is further off-the-mark in claiming that Plaintiffs have no significant connection with this forum.  Preliminarily, Plaintiffs are being harassed by a copyright registration issued by the Copyright Office, and which Plaintiffs seek to be cancelled.   Furthermore, Nitches does a significant amount of business in this District.  For example, just in the first six months of Year 2005, Nitches has sold almost $54,000 of product to three different companies here in the District.  Wyandt Decl. ¶ 6.

Third, Foria asserts that all of the parties have a "close connection" and "strong ties" to the Central District of California," (see Motion pgs. 2, 14) but Foria did not present a scintilla of evidence as to Nitches' supposed contacts to that district.  While the Plaintiffs do not dispute that they have operations in California, that is a far cry from ties to the Central District of California.  Plaintiffs specifically refute Foria's unsupported claim that "all of the relevant witnesses and documents are located with the subpoena power of the Central District of California," as claimed on page 14 of Foria's motion.  Wyandt Decl. ¶ 10, 12 (Plaintiffs' witnesses and documents in California in San Diego).  A review of any map will show that neither Wisconsin nor San Diego fall within that scope.

Now turning to the merits of Foria's requested transfer, Plaintiffs note that the moving party bears the burden of establishing that the transfer of the action is proper under 28 U.S.C. § 1404 (a).  Airline Pilots Ass'n v. Eastern Airlines, 672 F.Supp 525 (D.D.C. 1987).  Foria must show that the balance of convenience is strongly in its favor to disturb Plaintiffs' forum choice.  National Bank of Washington v. Mallery, 669 F. Supp. 22 (D.D.C. 1987).  Courts have uniformly found that, unless

---

[21] Ms. Gray is an AV-rated attorney specializing in copyright infringement litigation, who spent the bulk of her career litigating from the California offices of O'Melveny & Myers and Baker & Hostetler, having only recently relocated to DC for personal reasons.  Gray Decl. ¶ 2.

the balance of these facts weighs in favor of transfer, the plaintiff's choice of forum is rarely disturbed.  Gulf Oil Corp. v. Gilbert, 330 US 501, 508 (1947).

Plaintiff is not required to choose the most convenient forum, so long as it is a proper forum.  17 Moore's Federal Practice, § 110.01[4][a] (Matthew Bender 3d ed.).  It is well settled that a case should not be transferred from a plaintiff's chosen forum simply because another forum may be superior to that chosen by the plaintiff.  Absent specific facts that would cause a district court to question plaintiff's choice of forum, plaintiff's choice is afforded substantial deference.  Wilderness Soc'y v. Babbitt, 104 F. Supp. 2d 10 (D.D.C. 2000).  While that deference is diminished when the activities have little, if any, connection with the chosen forum, Foria has purposefully and deliberately chosen to obtain a copyright registration from the Copyright Office for the at-issue design and has shipped product (some of which carried the at-issue design) to the Stein Mart store located in D.C., thereby establishing a substantial connection with this forum such that Plaintiffs' choice of forum is entitled to substantial weight.

A defendant must make two showings to justify transfer.  First, Foria must establish that Plaintiffs originally could have brought the action in the proposed transferee district.  Plaintiffs do not dispute that they could have filed suit in the Central District of California.[22]  However, Foria cannot establish the second prong, which is that Foria must demonstrate that the considerations of convenience and the interests of justice weigh in favor of transfer to that court.  Liban v. Churchey Group II, L.L.C., 305 F. Supp. 2d 136, 139 (D.D.C. 2004).  This second factor requires the court to weigh numerous case-specific private and public interest factors.

The private interest factors include:  (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof.  Wilderness Soc'y v. Babbitt, 104 F. Supp. 2d 10, 12 (D.D.C. 2000).  The public interest factors include:  (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor

---

[22] Similarly, Plaintiffs could have filed suit in the Southern District of California; both jurisdiction and venue requirements vis-à-vis Foria would be established there for a variety of reasons (e.g., presence of Stein Mart stores within 50 miles of San Diego, as shown on the www.steinmart.com website (cities of Poway, Oceanside, and Temecula), and the previously established sales and shipments by Foria to Stein Mart stores).

courts; and (3) the local interest in deciding local controversies at home.  <u>Wilderness Soc'y</u>, 104 F. Supp. 2d at 12.

Significantly, the moving party is required to present facts supporting the requested transfer by affidavits from witnesses.  <u>El-Fadl v. Central Bank of Jordan</u>, 75 F.3d 668, 677 (D.C. Cir. 1996). The affidavits must contain detailed, specific facts showing exactly how and to what extent the "convenience" factors weight in favor of transfer.  Mere assertions of inconvenience or hardship are insufficient.  <u>Wilderness Soc'y</u>, 104 F. Supp. 2d at 12; <u>Stratagene v. Parsons Behle & Latimer</u>, 315 F. Supp. 765 (D. Md. 2004).   It bears emphasis that Foria has not presented a single specific fact supporting the requested transfer to the Central District of California, as opposed to retaining the case in the District of Columbia or transferring to the Southern District of California (or even Wisconsin for that matter).  Indeed, Foria has not even claimed in its affidavit that litigating this case in DC would be a hardship!

In any event, Foria cannot establish the necessary evidence in support of its request for transfer.  Plaintiffs briefly review the necessary factors below:

(1) *the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendant* – this factor favors DC, particularly due to Foria's failure to present any evidence on how it would be inconvenienced, either generally or specifically;

(2) *the defendants' choice of forum* – this factor favors California;

(3) *whether the claim arose elsewhere* – The claim arose in numerous jurisdictions, but Foria has presented no evidence that it arose in the Central District of California.  Foria has not even asserted that the artist who created the design is now or was ever located in that District.[23]  Foria has presented no evidence that the infringement was ever purchased or sold in the Central District of California.[24]  Moreover, Foria has sent its demand letters to Wisconsin, San Diego, San Francisco, and DC.  Finally, Nitches is located in San Diego, and Foria has presented no evidence in its declarations – not even on information and belief – that Nitches has any contacts with the Central District of California or that Kohl's sold the alleged infringement in that District.  In contrast, Plaintiffs have presented evidence that Foria actually sold apparel with the at-issue design to Stein Mart in DC.

---

[23] In Paragraph 10 of the Mang Declaration, all Foria claims is that the artist is located somewhere in California.

[24] Foria has presented evidence that Kohl's has stores in the Central District of California, but not that they sold the alleged infringements.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(4) *the convenience of the parties* – this favors DC, because the vast majority of the evidence will be oral testimony from the Plaintiffs' accountants, designers, sales persons, and officers and documentary evidence regarding Plaintiffs' independent creation, sales revenue, cost deductions, overhead expenses, and profit margins, all of which is located in San Diego and Wisconsin and will be presented by Nitches and Kohl's, who are obviously not claiming any inconvenience with the DC forum. Gray Decl. ¶ 11. The only evidence to be presented by Foria will likely be its artist's testimony (if he is even still alive) and sketches (if any even exist), and Foria has never indicated where this individual or his documents are located (except a vague statement that the "artist," whoever he may be, is located somewhere in the large state of California). Gray Decl. ¶ 12.

(5) *the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora* – this factor favors DC because (apart from Foria's artist), not a single non-party witness has been identified. Although Foria's unidentified "artist," even if still alive, may be inconvenienced, the Court cannot consider this when it has been presented with no evidence as to whether that artist is an employee of Foria (and therefore subject to Foria's control) or where he specifically resides now. Moreover, it bears emphasis that Foria has not presented a single fact regarding the supposed inconvenience associated with litigating here, and has not identified a single witness who may be unavailable for trial in DC.

(6) *the ease of access to sources of proof* – this favors DC, because the vast majority of the evidence will be oral testimony from Plaintiffs' accountants, designers, sales persons, and officers and documentary evidence regarding Plaintiffs' independent creation, sales revenue, cost deductions, overhead expenses, profit margins, all of which is located in San Diego and Wisconsin and will be presented by Nitches and Kohl's, who are obviously not claiming any inconvenience with the DC forum. Gray Decl. ¶ 11. The only evidence to be presented by Foria will likely be its artist's testimony (if he is even still alive) and sketches (if any even exist), and Foria has never indicated where this individual or his documents are located or if they still exist (except a vague statement that the "artist," whoever he may be, is located somewhere in the large state of California, assuming that doesn't refer to his burial plot). Gray Decl. ¶ 12.

(7) *the transferee's familiarity with the governing laws* – the governing law is the Copyright Act, which is applicable in all Districts, so this factor is neutral;

(8) *the relative congestion of the calendars of the potential transferee and transferor courts* – because both DC and the Central District of California are presumably equally busy, this factor is neutral;

1
2
(9) *the local interest in deciding local controversies at home* – this factor favors no one, as the case concerns the Copyright Act, which applies to all jurisdictions, being enshrined in the Constitution itself.

3
4
Thus, Foria has not shown that this matter should be transferred to another district for the convenience of the parties and in the interest of justice.

5
6
**VIII.   As Between Los Angeles (Central District of California) and San Diego (Southern District of California), Venue Is Best Placed in San Diego**

7
8
9
10
Notwithstanding Foria's failure to provide a single sentence in its declaration supporting the purported inconvenience associated with litigating in this District, or even naming a single witness who would be necessary but unavailable to testify here, or explaining why it would be difficult for Foria to produce documents here, Plaintiffs request that this Court, if it determines that a different venue is appropriate, transfer this case to the Southern District of California.

11
12
13
14
Solely because Foria is headquartered in the Central District of California, Foria asserts that it is the most appropriate jurisdiction to which to transfer this case.  That makes little sense, when Nitches is located in San Diego (the Southern District of California), and Kohl's is located in the District of Wisconsin.[25]

15
The Southern District of California is superior to the Central District of California for the following reasons:

16
17
18
19
20
21
22
23
(1) *the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants* – this factor favors San Diego.  As previously noted, Foria must show that the balance of convenience is strongly in its favor to disturb Plaintiffs' forum choice.  <u>National Bank of Washington v. Mallery</u>, 669 F. Supp. 22 (D.D.C. 1987).  If this Court determines that DC is not the proper venue, then Plaintiffs assert that the Southern District of California, where Nitches is headquartered, is the appropriate venue to which to transfer.  Notably, the deference to be shown by a court to a plaintiff's choice of forum is particularly strong when the forum preferred by the plaintiff is its home forum.  <u>Gemological Inst. Of America, Inc. v. Phan</u>, 145 F. Supp. 2d 68 (D.D.C. 2001);

24
25
(2) *the defendants' choice of forum* – this factor favors Central District of California, although Foria has not (yet) protested against San Diego;

26
27
28
[25] Notably, Kohl's is a customer of Foria's (as admitted in the Motion, page 2), so Foria, as a result of doing business with Kohl's, has already subjected itself to jurisdiction in Wisconsin.  However, Plaintiffs do not request transfer to Wisconsin.

(3) *whether the claim arose elsewhere* – this factor favors San Diego, given Foria's demand letters to San Diego and the fact that Nitches sold the allegedly infringing apparel from its headquarters in San Diego;

(4) *the convenience of the parties* – this factor favors San Diego, for the reasons described above;

(5) *the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora* – this factor favors San Diego, for the reasons described above; and

(6) *the ease of access to sources of proof* –this factor favors San Diego, for the reasons described above.

(7) *the transferee's familiarity with the governing laws* – this factor is neutral, for the reasons described above;

(8) *the relative congestion of the calendars of the potential transferee and transferor courts* – this factor is neutral as the Los Angeles and San Diego courts are presumably equally busy;

(9) *the local interest in deciding local controversies at home* – this factor is neutral for the reasons described above.

Thus, as between San Diego and Los Angeles, this case has substantially greater ties to San Diego.

### IX.    Conclusion

In conclusion, Plaintiffs request that the Court deny the Motion to Dismiss for Lack of Jurisdiction.  In the alternative, Plaintiffs request this Court to stay ruling on Defendant's Motion and enter a preliminary scheduling order authorizing:  (a) Plaintiffs to conduct jurisdictional discovery for sixty (60) days; (b) Plaintiffs to file a supplemental opposition to Defendant's motion to dismiss fourteen (14) days after the close of discovery; and (c) Defendant to file a supplemental reply fourteen (14) days after Plaintiffs file their supplemental opposition.

Plaintiffs also request that the Court deny the Motion in the Alternative to Transfer Venue. In the alternative, Plaintiffs request that, if the Court decides that in consideration of convenience and in the interest of justice that venue is to be transferred, then such transfer be made to the Southern District of California.

As a final note, given the lack of specificity and dearth of evidence supplied by Foria in its motion and accompanying affidavits, Foria may be tempted to present new factual assertions and legal arguments.  However, as emphasized in <u>Natural Resources Defense Council, Inc. v. United</u>

States EPA, 25 F.3d 1063 (D.C. Cir. 1994), "We have said before, and we say again, that ordinarily we will not consider arguments raised for the first time in a reply brief," citing Pennsylvania Elec. Co. v. FERC, 11 F.3d 207, 209 (D.C. Cir. 1993)[and cases cited therein]. See also Herbert v. National Academy of Sciences, 974 F.2d 192, 195 (D.C. Cir. 1992) ("To consider an argument for the first time in reply would be manifestly unfair to the appellee [or respondent] who, under our rules, has no opportunity for a written response."); Corson & Gruman Co. v. NLRB, 899 F.2d 47, 50 n.4 (D.C. Cir. 1990) ("We require petitioners and appellants to raise all of their arguments in the opening brief to prevent "sandbagging' of appellees and respondents and to provide opposing counsel the chance to respond.").

Such sandbagging would be particularly unjust here, when Plaintiffs have gone out of their way to open a dialog with Foria in an effort to resolve this jurisdictional dispute, which now appears to be wholly manufactured in light of Foria's regular and on-going shipments to the DC store of Stein Mart.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7, Plaintiffs request oral hearing on this matter.

DATED:  June 5, 2005

_____/s/_____
MEGAN E. GRAY (DC Bar No. 478479)
ROYLANCE, ABRAMS, BERDO, & GOODMAN LLP
1300 19TH Street NW, Suite 600
Washington, DC 20036
Tel:  (202) 530-7365
Fax: (202) 659-9344

Attorney for Plaintiffs
KOHL'S DEPARTMENT STORES, INC. and
NITCHES, INC.