UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KOHL'S DEPARTMENT STORES, INC., and NITCHES, INC., <br><br>  Plaintiffs, <br> v. <br><br> FORIA INTERNATIONAL INC., <br> 18689 Arenth Ave. <br> City of Industry, CA 91748 <br><br>  Defendant. | Case No. 1:05-CV-01078 (ESH) |

### DECLARATION OF MEGAN E. GRAY

I, Megan E. Gray, hereby declare as follows:

1.   I am an attorney at law duly licensed to practice in the District of Columbia, as well as in the States of California, Texas, Colorado and Minnesota. I am the lawyer for Plaintiffs Kohl's Department Stores, Inc. and Nitches, Inc. in this case. The matters stated in this Declaration are within my personal knowledge, except those matters that are stated on information and belief, and if called upon to testify thereto, I could and would competently do so.

2.   I am an AV-rated attorney specializing in copyright infringement litigation, and have spent the bulk of my career litigating from the California offices of O'Melveny & Myers and Baker & Hostetler, having only recently relocated to D.C. for personal reasons.

3.   I received several letters from Defendant's counsel asserting that there was no jurisdiction over Defendant in this District, but such letters did not contain any factual or legal support for that blanket, self-serving conclusion. In an effort to resolve this threatened

jurisdictional dispute without the need for motion practice, I sent multiple letters to Defendant's counsel, asking for the factual/legal basis for that assertion so I could evaluate its merit. Defendant's counsel refused to provide this information, and instead chose to file this Motion to Dismiss.

4. In clear violation of the Professional Rules of Conduct, which forbid communications with represented parties, Defendant's counsel sent a letter directly to Kohl's after learning (in two letters) that I represented Kohl's in this matter.

5. Even after Defendant filed the Motion to Dismiss, I attempted to resolve this matter directly with opposing counsel without unduly bothering the Court by offering to consider dismissal and/or transfer, and requested that the parties stipulate to stay the matter while the attorneys negotiated on where, if at all, the case should be pursued. Defendant refused to participate in this dialog.

6. Despite my multiple written requests, Defendant has never produced the actual copyright registration to the at-issue design, which must list the artist's nationality and domicile, as well as the nation of first publication of the design.

7. As part of pre-litigation settlement discussions with Foria's counsel, I requested in writing that Defendant identify the name and location of the artist who supposedly created the at-issue copyrighted design. Defendant's counsel unambiguously stated that Foria is unable to identify this individual. As result Foria cannot know where that artist might be located now, where his documents are located, if the documents even still exist, or whether this individual is even still alive.

8. Foria's counsel claimed to me that Foria creates numerous designs every year.

9. As general rule, I do not make requests for sanctions against a party or its counsel until they have established a trail of deceit, delay, or other inappropriate behavior.

10. As I wrote to Defendant's counsel some months ago, the vast majority of my practice is conducted in California. In this case, I do not find the D.C. forum more or less convenient than California.

11. The vast majority of the evidence in this case will be oral testimony from the Plaintiffs' accountants, designers, sales persons, and officers and documentary evidence regarding Plaintiffs' independent creation, sales revenue, cost deductions, overhead expenses, profit margins, all of which is located in San Diego and Wisconsin and will be presented by Nitches and Kohl's, who are obviously not claiming any inconvenience with the D.C. forum.

12. The only evidence to be presented at trial in this case by Defendant will likely be its artist's testimony and sketches, and Defendant has never indicated where this individual or his documents are located, or whether he is even still alive, except for a vague statement that the "artist," whoever he may be, is located somewhere in the large state of California.

13. Clothing legally sold in the United States bears a registered identification number ("RN") issued by the Federal Trade Commission (FTC) to a business residing in the U.S. that is engaged in the manufacture, importation, distribution, or sale of textile, wool, or fur products. Pursuant to federal law, all textile products sold in the U.S. must identify either the company name or RN of the manufacturer, importer, or another firm

marketing, distributing, or otherwise handling the product. The RN is almost always on the neck tag of shirts.

14. The FTC maintains a database of RNs at http://www.ftc.gov/bcp/rn/. A search of the FTC database reveals that RN 63720 is issued to Foria International, Inc. (https://rn.ftc.gov/pls/TextileRN/wrnquery$tts_rn.actionquery).

15. The items of apparel purchased in the Stein Mart store located at 5345 Wisconsin Avenue, Suite 200, Washington, D.C. 20015, bear a tag embroidered with "RN 63720." These items also have a beach motif similar to that of the at-issue copyrighted fabric design.

16. Dun & Bradstreet business reports state that Foria is a company founded almost thirty years ago (1978), with approximately $32,000,000 in sales and 111 employees, with offices in California and New York.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ____July 5____, 2005, in the District of Columbia.

By: _____
Megan E. Gray