## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KOHL'S DEPARTMENT STORES,   )
INC., and NITCHES, INC.,   )
          Plaintiffs,   )
      v.   )   Case No. 1:05-CV-01078 (ESH)
            )
FORIA INTERNATIONAL, INC.,   )
          Defendant.   )

## REPLY IN SUPPORT OF FORIA'S MOTION TO DISMISS
## OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Foria has requested that this action be dismissed for lack of personal jurisdiction and improper venue, or in the alternative, transferred to the Central District of California. The basis of Foria's motion is simple. Foria has no contacts at all with the District of Columbia and therefore cannot meet the requirements for personal jurisdiction here. And, amazingly, the plaintiffs themselves have nothing but the most insubstantial of contacts with the District of Columbia—so that all of the relevant factors weigh in favor of transferring this matter to another judicial district with some substantive connection to the parties or events at issue. All of these facts are described at length in Foria's original motion papers.

Nitches and Kohl's have now filed their opposition to Foria's motion, but as it turns out, offer little more than bare speculation and misstatements in an attempt to meet their burden. For example, they argue that, because Nitches has DC-based customers, Foria must also have them. (In fact, Foria does not). Or, at another point, they argue that it is more of a hardship for Nitches to appear in the Central District of California than in this Court because California is "an extremely large state." (In fact, Nitches, which is based in San Diego, is less than 80 miles from the Central District of California and

several thousand miles from this Court).

In the end, these arguments do not satisfy the legal requirements for either personal jurisdiction or venue.  As there are no contacts at all between Foria and this judicial district, Foria is not subject to personal jurisdiction in this court—and no amount of speculation or misstatement can change this conclusion.  Moreover, even if Foria were subject to personal jurisdiction in this district, all of the relevant factors favor transferring the matter to a judicial district with at least some connection to the parties and the underlying facts, such as the Central District of California.

Under these circumstances, the only correct result is for this Court to dismiss this action for lack of personal jurisdiction and improper venue or, at a minimum, transfer it to the Central District of California.  Foria respectfully requests oral argument.

## SUPPLEMENTAL STATEMENT OF FACTS

### *Lack of Contacts with the District of Columbia*

As stated in Foria's original motion papers, Foria is a California corporation headquartered in City of Industry, California, and, except for a showroom in New York, operates entirely out of its California office.[1]

Foria is in the business of manufacturing and selling men's and boys' apparel, including printed t-shirts and blue jeans.  Foria does not sell goods directly to consumers; rather, Foria sells only to large retailers like Wal-Mart, Kohl's and Bealls.[2]  Foria has approximately 700 customers throughout the United States, but none of these customers

---

[1] Motion at 2-3; Declaration of Teddy Mang ("Mang I"), ¶ 3; see also Supplemental Declaration of Teddy Mang ("Mang II"), ¶¶ 1, 18.

[2] Mang I, ¶ 2.

is located in the District of Columbia.[3]  Foria has not received any form of payment from a customer or anyone else located in the District of Columbia in at least the past ten years.[4]  Foria has no offices, employees or operations of any kind in the District of Columbia.[5]  Foria has never engaged in or solicited any business in the District of Columbia and has never sent employees to the District of Columbia for the purpose of engaging in or soliciting business.[6]  Foria has never advertised for business in the District of Columbia or sent any catalogs or any other form of direct mail advertising to the District of Columbia.[7]  Foria has never attended a trade show in the District of Columbia.[8]  Foria has never entered into any sort of contract with any party located in the District of Columbia.[9]  Foria has no agents, representatives or property of any kind in the District of Columbia.[10]  Foria does not have a District of Columbia phone number or a web site.[11]

**Foria's Relationship with Stein Mart**

Out of approximately 700 customers, Foria recently discovered one with a connection to the District of Columbia that Foria had inadvertently overlooked in its original motion papers.  The customer is Stein Mart—located in Jacksonville, Florida.

All of Foria's contacts with Stein Mart are through the company's offices in

---

[3] Mang II, ¶ 3.

[4] Mang II, ¶ 4.

[5] Mang I, ¶ 4; Mang II, ¶ 14.

[6] Mang I, ¶ 5; Mang II, ¶ 14.

[7] Mang I, ¶ 8; Mang II, ¶ 14.

[8] Mang I, ¶ 7; Mang II, ¶ 14.

[9] Mang I, ¶ 6; Mang II, ¶ 14.

[10] Mang I, ¶¶ 6, 9; Mang II, ¶ 14.

[11] Mang I, ¶ 9; Mang II, ¶ 14.

Jacksonville, Florida.[12]  Stein Mart sends its orders and payments electronically from

Jacksonville, where all of Stein Mart's buyers and executives are located.[13]  Foria does

not communicate with any Stein Mart employees besides those in Jacksonville.[14]  Unlike

Foria's other customers, Stein Mart's buyers instruct Foria to divide up its goods into

separate packages for each of Stein Mart's retail stores and then send these packages

directly to the individual stores—at Stein Mart's expense.[15]  And one of Stein Mart's

retail stores is located in the District of Columbia.

Foria has never visited Stein Mart's DC store.[16]  Foria has never communicated

with anyone at Stein Mart's DC store.  Stein Mart's DC store does not order goods from

Foria and is not Foria's customer.  Instead, Foria merely ships an occasional package of

goods to a DC address at the direction of—and expense of—Stein Mart's buyers in

Jacksonville.  Foria has no control or influence whatsoever over where Stein Mart directs

the purchased goods be shipped.[17]

Furthermore, the relative amounts of Foria's shipments to Stein Mart's DC store

have been truly microscopic.[18]  In 2003, Foria shipped a total of $6,500 worth of goods to

Stein Mart's DC store—which represents approximately 0.02 % of Foria's 2003 sales.  In

2004, Foria shipped a total of $8,500 worth of goods to Stein Mart's DC store—

representing approximately 0.03 % of Foria's 2004 sales.  And to date in 2005, Foria has

---

[12] Mang II, ¶ 7.

[13] Id.

[14] Id.

[15] Mang II, ¶ 8.

[16] Mang II, ¶ 12.

[17] Mang II, ¶ 8.

[18] Mang II, ¶ 11.

shipped a total of $3,300 worth of goods—representing approximately 0.03 % of Foria's 2005 sales for the same period.[19]

Finally, the goods that Stein Mart has ordered for its DC store have no connection or relationship whatsoever to the underlying claims in this litigation.

***Speculation and Misstatements by Nitches and Kohl's***

In opposition to Foria's motion, Nitches and Kohl's have offered several declarations filled with assumptions, conjecture and outright misstatements.

For example, Nitches CEO Paul Wyandt states that, because Nitches sells to Hecht's Department Stores, Foria must also do the same, and so Foria has contacts with the District of Columbia through this customer.[20]  But, in fact, Foria does not sell to Hecht's.[21]  Also, while Hecht's may have retail stores located in the District of Columbia, its corporate offices (and presumably its buyers) appear to be located in Arlington, Virginia.  And so, notwithstanding Mr. Wyandt's speculation, there is no contact whatsoever between Foria and the District of Columbia through Hecht's Department Stores.

Mr. Wyandt also states that, in the first half of 2005, Nitches sold $54,000 worth of goods to three different companies in the District of Columbia.[22]  From this fact, Mr. Wyandt assumes that Foria must have also sold similar amounts of goods to customers in this District.  But this assumption is also incorrect.  As stated above, Foria has no

---

[19] Mang II, ¶ 13.

[20] Declaration of Paul Wyandt ("Wyandt Decl."), ¶ 3.

[21] Mang II, ¶ 16.

[22] Wyandt Decl., ¶ 6.

customers at all in the District of Columbia.[23]  Foria does not receive any orders or payments from the District of Columbia and has only shipped a miniscule amount of goods to an address in the District of Columbia at the request of—and the expense of—a customer located in Jacksonville, Florida.  Mr. Wyandt's speculation about Foria's contact with DC is simply wrong.

Finally, and most egregiously, Nitches and Kohl's counsel Megan Gray repeatedly accuses Foria's witness, Teddy Mang, of committing perjury.  Perjury is a serious crime—a felony—and among the most despicable forms of misconduct that the Court might encounter in the course of civil litigation.  Although there is no basis for the accusation here, Ms. Gray repeats it over and over in her opposition papers, as though the repetition makes it true.  In fact, Mr. Mang's original declaration was both truthful and complete, and the result of good faith inquiry.  Upon receiving Nitches and Kohl's papers and rechecking the facts, Mr. Mang discovered that he had inadvertently overlooked the fact that one of Foria's approximately 700 customers occasionally instructs Foria to ship goods directly to one of its retail stores in the District of Columbia.  And so Mr. Mang described all of these facts at length in a second declaration submitted with these papers.  In other words, Mr. Mang's original declaration contains an oversight, not perjury.  And Ms. Gray's accusations of criminal misconduct should carry no more weight than any of the other speculation, assumptions and innuendo offered in Nitches and Kohl's papers.

*Facts Relating to Transfer of Venue*

As set forth in Foria's motion papers and accompanying declarations, all parties involved in this litigation conduct significant amounts of business in the Central District

---

[23] Mang II, ¶ 17.

6

of California.

It is undisputed that Foria's principal place of business is located in City of Industry, California.  Foria has no offices, warehouses or factories anywhere else in the United States, and has one showroom in New York City.  The artist who created the copyrighted design at issue in this litigation also resides in Los Angeles, and is a Foria employee.[24]

As for Nitches and Kohl's, it is undisputed that Kohl's maintains at least ten stores and a distribution center within the Central District of California.[25]  And as disclosed in its own Form 10-K/A filing with the United States Securities and Exchange Commission, Nitches operates a fully-staffed showroom in Los Angeles, from which it solicits orders from its eight major customers for both its private label and company brands.[26]  In other words, both plaintiffs have significant, permanent offices, employees and operations in the Los Angeles area.

Both Foria and Nitches, and all of their potential witnesses and documents, are also subject to the subpoena power of the Central District.  Nitches's San Diego headquarters[27] is located 78.54 miles from the Central District of California—well within

---

[24] During pre-litigation talks, counsel for Nitches and Kohl's sought information regarding the identity and location of Foria's artist.  Ms. Clingan responded that Foria had no duty to disclose the identity of the artist at that time.  See Declaration of Kassandra Clingan ("Clingan Decl."), ¶ 3.  Ms. Gray blatantly misrepresents Ms. Clingan's position by claiming she "unambiguously stated that Foria is unable to identify this individual."  Declaration of Megan Gray ("Gray Decl."), ¶ 7.  Foria indeed knows both the identity and location of the artist.

[25] See Motion at 14; Declaration of Michelle M. Marcus ("Marcus I"), ¶¶ 3-4, Exhibits A & B.

[26] Supplemental Declaration of Michelle M. Marcus ("Marcus II"), Exhibit A.

[27] See Wyandt Decl., ¶¶ 10, 12 (all relevant witnesses and documents located in San Diego).

the 100-mile reach of a subpoena issued pursuant to Rule 45 of the Federal Rules of Civil Procedure.[28]

No witnesses, documents or any other form of evidence relevant to the underlying claims are present in this District.  No events or conduct relevant to the underlying claims occurred in this District.

Finally, on June 30, 2005, Foria filed an action again Nitches and Kohl's for copyright infringement and breach of accord agreement in the Central District of California.[29]  And so if this Court transfers this matter to the Central District of California, it can be consolidated with Foria's action against Nitches and Kohl's.


## ARGUMENT

### A.    *There is No Basis at all for Asserting General Personal Jurisdiction Over Foria, as Kohl's and Nitches did not Serve Their Complaint on Foria in this District.*

Section 13-334 of the District of Columbia Code permits <u>general</u> personal jurisdiction over a foreign defendant if the corporation is "doing business" in the District. But, in order to assert <u>general</u> personal jurisdiction under this statute, courts of this Circuit have held that the complaint must be served on the defendant within the District of Columbia.  In other words, a plaintiff who serves an out-of-state defendant outside the District is foreclosed from asserting <u>general</u> personal jurisdiction under § 13-334.[30]

---

[28] Marcus II, Exhibits C & D.

[29] Clingan Decl., ¶ 4 and Exhibit A.

[30] <u>Gorman v. Ameritrade Holdings Corp.</u>, 293 F.3d 506, 514 (D.C. Cir. 2002) (quoting <u>Everett v. Nissan Motor Corp.</u>, 628 A.2d 106, 108 (D.C. 1993) ("[D.C. Sup. Ct. Civ. P.] Rule 4's general prescription for service of process cannot replace the specific jurisdictional requirement of [§ 13-334] that service be made in the District of

In this case, there is no dispute at all that Nitches and Kohl's served their complaint by mail on Foria's counsel, Mark Fang, in Camarillo, California. Therefore, Nitches and Kohl's are foreclosed from asserting general personal jurisdiction over Foria under § 13-334, and the Court should reject any attempt by Nitches and Kohl's to argue that general personal jurisdiction is applicable here.[31]

**B.      There is No Basis for Asserting Specific Personal Jurisdiction Over Foria, as Foria does not have Any of the Required Minimum Contacts with this District, Notwithstanding Nitches and Kohl's Speculation.**

As described in Foria's original motion papers, a plaintiff may establish specific personal jurisdiction under § 13-423(a)(1) by showing that an out-of-state defendant "transacted business" within the District and that the claims being asserted arose from or are related to the defendant's contacts with the District.[32]

Courts construing § 13-423(a)(1) have found that its reach is coextensive with that of the due process clause of the Constitution.[33] And so, to satisfy either the statute or the due process clause, the analysis is the same. The Court must determine whether the out-of-state defendant has minimum contacts with the District of Columbia "such that the maintenance of the suit does not offend traditional notions of fair play and substantial

_____

Columbia.")); see also Gowens v. Dyncorp, 132 F. Supp. 2d 38, 42 (D.D.C. 2001) (following Everett).

[31] Nor can it be disputed that D.C.'s only other general jurisdiction long-arm statute, § 13-422, which requires the plaintiff to demonstrate that the defendant is "domiciled in, organized under the laws of, or maintains . . . its principal place of business in, the District", cannot provide the basis for general personal jurisdiction here.

[32] D.C. Code §§ 13-334(a) & (b).

[33] Helmer v. Doletskaya, 393 F.3d 201, 205 (D.C. Cir. 2004) (citing Mouzavires v. Baxter, 434 A.2d 988, 992 (D.C. 1981) (en banc)); GTE New Media Servs., Inc. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000); United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995).

justice."[34]

To establish minimum contacts, courts generally require that the out-of-state defendant must have purposefully availed itself of the benefits of doing business in the forum state so that it would be foreseeable that he might also be haled into court there.[35] In other words, contacts with the forum state that are random, fortuitous or the result of third party conduct are not considered "purposeful" and thus do not satisfy the minimum contacts standard.[36]

A number of courts have held that, when a defendant's contacts with a forum are the result of the unilateral act or instructions of another party, the defendant's contacts are not purposeful and thus do not satisfy the due process standard.[37]  For example, in one Ninth Circuit decision, a foreign shipyard was instructed by its customer to send parts and employees to Washington State for work on a ship.  The Ninth Circuit found, however, that the shipyard was not subject to personal jurisdiction there because its contacts with Washington State were the result of its customer's instructions, and not a purposeful conduct designed to obtain the benefits of doing business in the state.  Thus,

---

[34] International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal citation omitted).

[35] Mouzavires, 434 A.2d at 993 (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

[36] Id. at 995 (citing Hanson, 357 U.S. 235; McGee v. International Life Ins. Co., 355 U.S. 220 (1957)) (further holding that "the most critical inquiry is not whether the nonresident defendant is physically present in the forum but whether the defendant's contacts with the forum are of such a quality and nature that they manifest a deliberate and voluntary association with the forum.").

[37] Burger King v. Rudzewicz, 471 U.S. 462, 475 (1985); Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 271 (9th Cir. 1995) (defendant's connection with Washington not purposeful because done at the direction of another party and were not the purposeful choice of defendant); Atlantigas Corp v. Nisource, Inc., 290 F. Supp. 2d 34, 44 (D.D.C. 2003); Freiman v. Lazur, 925 F. Supp. 14, 24 (D.D.C. 1996).

the fact that the shipyard followed its customer's instructions did not constitute minimum contacts with Washington State.[38]

Similarly, it is well-settled that contacts between parties and the Federal government do not constitute minimum contacts with the District of Columbia, because such contacts are necessary for the party to exercise its constitutional right to petition the Federal government and not out of any purposeful intent to obtain the benefits of doing business in this District.[39] Thus, filing applications or other papers with a Federal agency, such as an application for copyright registration filed in the Library of Congress, does not constitute minimum contacts and cannot subject an out-of-state defendant to personal jurisdiction here. As this Court has held, "'[t]he District of Columbia's unique character as the home of the federal government requires [the government contacts] exception in order to maintain unobstructed access to the instrumentalities of the federal government.'"[40]

Finally, the plaintiff asserting personal jurisdiction over an out-of-state defendant bears the burden of coming forward with facts sufficient to establish this jurisdiction and cannot rely only on assumptions, conclusions or speculation to meet its burden. Rather, courts in this Circuit have required that the plaintiff allege the specific acts or conduct

---

[38] Omeluk, 52 F.3d at 271.

[39] Atlantigas, 290 F. Supp. 2d at 44; see also Naartex Consulting Corp. v. Watt, 722 F.2d 779, 787 (D.C. Cir. 1983); Mallinckrodt Med., Inc. v. Sonus Pharms., Inc., 989 F. Supp. 265, 271 (D.D.C. 1998); Freiman, 925 F. Supp. at 24; Environmental Research Int'l, Inc. v. Lockwood Greene Eng'rs, Inc., 355 A.2d 808, 813 (D.C. 1976) (en banc).

[40] Mallinckrodt, 989 F. Supp. at 271 (quoting Cellutech, Inc. v. Centennial Cellular Corp., 871 F. Supp. 46, 50 (D.D.C. 1994)).

connecting the defendant with the forum.[41]  Speculation and assumption is not sufficient to meet this burden.[42]

In this case, Foria does not have any contacts at all with the District of Columbia, much less the sort of purposeful, minimum contacts needed to satisfy the requirements of personal jurisdiction.  There is no dispute about these facts, and they are described at length in Foria's initial motion papers.  Among other things, Foria does not have any customers in the District and does not receive any orders or payments from the District.  Foria's employees do not visit the District and do not communicate with anyone the District.  Foria does not have any property, employees or operations of any kind in the District.  Foria does not solicit or advertise for business in the District.  And Nitches and Kohl's do not dispute any of these facts.

It is true that one of Foria's customers requires Foria to ship goods directly to its retail stores, including one store located in the District of Columbia.  But, in each case, the instructions on where to ship the goods are dictated by Stein Mart's buyers in Jacksonville.  Foria has no control or influence over where Stein Mart instructs its goods to be shipped, and Stein Mart even pays all of the shipping costs.  Under these circumstances, Foria is not engaged in any purposeful, minimum contacts with the District of Columbia.  Rather, its contact with the District is fortuitous and entirely at the behest of a third party—and thus cannot satisfy the statutory and due process

---

[41] See Diamond Chem. Co. v. Atofina Chems., Inc., 268 F. Supp. 2d 1, 5 (D.D.C. 2003) (citing First Chicago Int'l v. United Exch. Co., 836 F.2d 1375, 1378 (D.C. Cir. 1988)); Capital Bank Int'l Ltd. v. Citigroup, Inc., 276 F. Supp. 2d 72, 77 (D.D.C. 2003); Cellutech, 871 F. Supp. at 49 (citing Burger King, 471 U.S. at 475).

[42] GTE, 199 F.3d at 1349 (citing First Chicago, 836 F.2d at 1378-79; Jungquist v. Sheik Sultan Bin Khalifa al Nahyan, 115 F.3d 1020, 1031 (D.C. Cir. 1997); Naegele v. Albers, 355 F. Supp. 2d 129, 136 (D.D.C. 2005).

requirements for personal jurisdiction here.

Likewise, Foria has filed an application for copyright registration with the Library of Congress and other documents with Federal government agencies located in the District of Columbia. But, according to the well-recognized line of cases cited earlier, filing papers with a Federal agency does not qualify as a purposeful or minimum contact with this District. And so this supposed connection between Foria and the District of Columbia is also insufficient to satisfy the statutory and due process requirements for personal jurisdiction here.

And yet Nitches and Kohl's rely on these questionable facts and others spun from of pure speculation and supposition to create an issue where none actually exists. For example, personal jurisdiction in the District of Columbia cannot be predicated on the fact that Foria has the word "International" in its name, or that it has a sophisticated computer system. Nor is it relevant to the analysis here that Foria has annual sales of around $32 million and a showroom in New York City, or that Foria has been party to litigation elsewhere in the United States. And it is certainly irrelevant that Foria's founder—who left the company in 1986[43]—has contacts in other businesses throughout the world, or is, as Nitches and Kohl's call him, "an international commercial jet-setter," whatever that means. Nitches and Kohl's raise other, similarly speculative points in their motion papers, but none of them is relevant in any way to the analysis here.[44]

---

[43] Mang II, ¶ 20.

[44] Nitches and Kohl's contention that personal jurisdiction may exist because Foria cannot possibly know where the artist resides is ridiculous. Foria was under no obligation to disclose the artist's identity or location to Nitches and Kohl's during pre-litigation settlement talks, and Ms. Gray has provided no support for her statement that Foria claimed it was "unable" to identify the artist who created the copyrighted design. Indeed, Ms. Clingan adamantly denies making such a statement. Clingan Decl., ¶ 3.

More to the point, Nitches and Kohl's have attempted to justify personal jurisdiction here on the basis of conjecture alone. At various points in their papers, Nitches and Kohl's argue that Foria must have customers in this District simply because Nitches has customers in this District. Or that Foria must do business with Hecht's Department Stores because Nitches does business with Hecht's Department Stores. Or, even more egregiously, Nitches and Kohl's simply claim that they have "reason to believe" that Foria is subject to jurisdiction here—and then argue that the only way for them to verify their suspicions is to be permitted to proceed with discovery.

To put it simply, there is no legal authority whatsoever that permits Nitches and Kohl's to assert personal jurisdiction over Foria based on speculation, assumption and suspicion. In fact, it appears that Nitches and Kohl's approach to personal jurisdiction is something like "throw everything against the wall and see what sticks." Perhaps they believe that the Court will be swayed by the sheer quantity of unsupported statements. But, as the case law cited above makes clear, personal jurisdiction depends on quality, not quantity—that is, the quality of the defendant's contacts with the forum jurisdiction.[45] In this case, there are no meaningful contacts at all between Foria and this District. And so this Court should not be misled by Nitches and Kohl's attempt to muddle what is unmistakably clear—that, without any contacts between Foria and this District, Nitches and Kohl's complaint must be dismissed.

---

Furthermore, it is absurd to suggest that the passage of five years has somehow erased Foria's memory. The artist is an employee of Foria, and resides in Los Angeles. Id. Similarly, Foria is under no obligation to provide the publicly-available copyright registration at issue during pre-litigation settlement talks. Circulars 6 and 23 from the United States Copyright Office explain precisely how members of the public may obtain copies of both the registrations and the copyrighted art.

[45] See, e.g., Mouzavires, 434 A.2d at 995 (citing Hanson, 357 U.S. 235; McGee, 355 U.S. 220; International Shoe, 326 U.S. 310).

**C.    There is No Basis for Asserting Specific Personal Jurisdiction Over Foria, since None of the So-Called Contacts Asserted by Nitches and Kohl's is Related to this Litigation.**

To establish specific personal jurisdiction over an out-of-state defendant under § 13-423 of the District of Columbia Code, the plaintiff must show not only minimum contacts but also that the plaintiff's claim is somehow related to or arises from the minimum contacts. Indeed, the very difference between <u>general</u> personal jurisdiction and <u>specific</u> personal jurisdiction is that the latter is limited to claims that are related to or arise from the defendant's contacts with the forum state. And this requirement is not just part of § 13-423. Rather, it comes from the well-established line of cases defining the constitutional limits for specific personal jurisdiction.[46] In other words, if there is no relationship between the claims asserted and the defendant's contacts, then both the statute and the due process clause prohibit the Court from exercising jurisdiction.[47]

In this case, there is no relationship at all between the claims asserted in Nitches and Kohl's complaint and the alleged contacts between Foria and this District. Specifically, the complaint asserts two claims against Foria. First, Nitches and Kohl's allege that certain printed t-shirts manufactured by Nitches and sold through Kohl's retail stores do not infringe upon Foria's copyrighted design, and so they request declaratory judgment against Foria against any claim of copyright infringement. Second, Nitches and Kohl's allege that Foria's copyright is invalid, and so they request that the Court "cancel"

---

[46] <u>See, e.g.</u>, <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 413-14 (1984) (citing <u>International Shoe</u>, 326 U.S. at 316); <u>Burger King</u>, 471 U.S. at 474-75; <u>Kulko v. Superior Ct. of Cal.</u>, 436 U.S. 84, 91-92 (1978).

[47] <u>See</u> D.C. Code § 13-423(b) (plaintiff's claims "must relate to the particular act or transaction forming the basis for personal jurisdiction."); <u>Capital Bank</u>, 276 F. Supp. 2d at 77 (citing cases and statute); <u>Freiman</u>, 925 F. Supp. at 21 ("Section 423(b) bars claims unrelated to the acts forming the basis for personal jurisdiction.").

Foria's copyright registration.[48]

Even if there were some merit to these claims (which Foria assumes for purposes of this motion to dismiss only), there is just no relationship whatsoever between either of the claims and Foria's so-called "contacts" with the District of Columbia. For example, Foria has shipped some goods to the District of Columbia at the request and expense of its customer Stein Mart. Now Foria, Nitches and Kohl's may disagree about whether these shipments qualify as minimum contacts. But resolving this argument is actually irrelevant, because the goods Foria shipped to Stein Mart's retail store are completely unrelated to the claims at issue in this litigation.[49]

In fact, none of the so-called "contacts" asserted in Nitches and Kohl's papers has anything at all to do with their claims in this litigation. For example, Foria does not own an interest in a clothing company or brand called 33 Degrees, but even if it did, this clothing company is completely unrelated to the claims at issue in this litigation.[50] Likewise, Frank S. Yuan has not been associated with Foria for nearly 20 years, but even if he were, Mr. Yuan is completely unrelated to the claims at issue in this litigation.[51] And so forth. Indeed, even assuming all of the speculation and innuendo were true, Nitches and Kohl's do not describe how any of these so-called "facts" is related to or gives rise to the claims in their complaint.

And the only arguable connection between the District of Columbia and this case

---

[48] It is not even clear that the Court has the authority to "cancel" a copyright registration, as there are no provisions in the Copyright Act permitting such a step.

[49] Mang II, ¶¶ 13, 21; see also Opposition at 2 n.5 (at-issue copyrighted design not found at Stein Mart).

[50] Mang II, ¶ 19.

[51] Mang II, ¶ 20.

is the fact that the underlying copyright at issue was granted by the Library of Congress. Foria's contacts with Federal agencies, however, are strictly off limits as a basis for asserting jurisdiction over Foria, as described in the section above.

In other words, whatever papers Foria has filed in the Library of Congress, whatever goods Foria has shipped to one Stein Mart store in this District, and whatever other suspicions and assumptions that Nitches and Kohl's harbor, none of these so-called "contacts" has anything at all to do with the underlying claims at issue in this litigation. And since specific personal jurisdiction requires that the claims asserted must arise from or be related to the defendant's minimum contacts with the forum, Nitches's and Kohl's complaint must be dismissed for this reason alone.

**D.    *There is No Basis for Granting Jurisdictional Discovery, as Nitches and Kohl's have Provided Nothing but Speculation, Misstatements and Assumptions to Support Their Claim of Jurisdiction.***

According to the D.C. Circuit, a plaintiff asserting personal jurisdiction over an out-of-state defendant does not have an unfettered right to jurisdictional discovery. Rather, courts in this Circuit have held consistently that the plaintiff must come forward with some "colorable basis for jurisdiction before subjecting the defendant to intrusive and burdensome discovery."[52] A colorable basis for jurisdiction means something other than speculation, assumptions, and vague conclusions about contacts between the defendant and this District.[53] In other words, it is not enough for the plaintiff to argue that it could prove its suspicions if it were only permitted a chance to conduct jurisdictional discovery. And, when a plaintiff is unable to come forward with some

---

[52] Caribbean Broadcasting Sys., Ltd. v. Cable & Wireless PLC, 148 F.3d 1080, 1090 (D.C. Cir. 1998) (internal citation omitted).

[53] Id.; see also Crist v. Republic of Turkey, 995 F. Supp. 5, 13 (D.D.C. 1998).

colorable basis for jurisdiction, it is entirely proper and not an abuse of discretion for the district court to dismiss the plaintiff's case without allowing any jurisdictional discovery.[54]

For example, in <u>Caribbean Broadcasting System</u>, the plaintiff alleged that, because the out-of-state defendant sold advertising to more than 500 companies nationwide, "odds were good" that it had solicited at least one company located in the District of Columbia.[55]  Similarly, in <u>Crist</u> (a Foreign Sovereign Immunities Act case), the plaintiff could not state any specific facts to show jurisdiction but "expressed confidence" that its agricultural products had entered the United States and could be found if only the court would allow jurisdictional discovery.[56]  Finally, in <u>Dickson</u>, the plaintiff made broad, conclusory allegations of jurisdiction over the CIA and its senior officials and then urged the Court to grant jurisdictional discovery in light of the CIA's "secrecy and tradition of bad faith."[57]  In each of these cases, the courts found that the jurisdictional allegations were just conclusory statements or based on pure conjecture or speculation and thus did not merit the expense and intrusion of subjecting the defendant to jurisdictional discovery.

---

[54] <u>Crist</u>, 995 F. Supp. at 13 (rejecting plaintiffs' request for discovery as premised on theory, conjecture, and hypotheticals); <u>Caribbean Broadcasting</u>, 148 F.3d at 1089-90; <u>Bancoult v. McNamara</u>, 214 F.R.D. 5, 13 (D.D.C. 2003) (in rejecting discovery request, stating "[i]n sharp contrast [to <u>El-Fadl</u> and <u>Crane</u>], the plaintiffs' allegations in this case show ties between the District of Columbia and [defendant] that are tenuous at best, particularly in light of DCDM's affidavits and the significant hurdle posed by the minimum-contacts requirement.  Their allegations are simply too bare to support an inference of jurisdiction."); <u>Dickson v. United States</u>, 831 F. Supp. 893, 900 (D.D.C. 1993) ("Basic fact-finding should precede the filing of a lawsuit; the insufficiency of the Plaintiff's Complaint does not warrant any form of discovery for personal jurisdiction.").

[55] 148 F.3d at 1089-90.

[56] 995 F. Supp. at 13.

[57] 831 F. Supp. at 900.

And the exact same facts are present in this case. First, consider Nitches and Kohl's complaint. The jurisdictional allegations are nothing but vague, general and practically meaningless statements about generic contacts between Foria and this District. In fact, based on this paragraph, it appears that the plaintiffs did not have any facts at all to support jurisdiction when they filed their complaint:[58]

> 3. **_On information and belief_**, *this Court has personal jurisdiction over Defendant in that it is doing business in the District of Columbia, it is making claims of infringement in this District, it is intentionally committing the acts hereafter alleged in this District, it has substantial contacts with the District, including selling or offering to sell a substantial quantity of products in the District, it comes to the District on business, it visits retailers in the District in order to solicit business from such retailers, it sends catalogs to retailers in the District, and it communicates with District customers and potential customers for the purpose of inducing them to purchase products from defendant. **_On information and belief_**, Plaintiffs further aver that Defendant has attended trade shows in the District and/or close to the District, sold products on websites or to websites that target and sell to persons in the District, advertised or obtained media coverage in publications that are distributed in the District, and otherwise purposefully availed itself of the privilege of doing business in the District. Defendant has also subjected itself to personal jurisdiction in the District by committing torts against Plaintiffs and by attempting to obtain money from Plaintiffs in the District, by making false and frivolous claims against Plaintiffs in the District, using interstate wires and the mail that are subject to federal jurisdiction and that are located in part in the District.*

As pointed out in Foria's original motion papers, these allegations are not even remotely related to facts of this case—as if they were copied from a form book of generic jurisdiction allegations. Among other things, Foria does not do any business in this District, has not made accusations of infringement in this District, does not offer or sell its goods in this District, does not visit customers in this District, has not attended trade shows in this District, has not sent catalogs into this District, does not advertise in this

---

[58] Complaint, ¶ 3 [emphasis added]; <u>see also</u> Motion at 7-8.

District, does not have a web site, and so forth and so on. It is as though Nitches and Kohl's believe that the words "upon information and belief" permit them to fill their pleadings with false statements as long as some shill will verify that he "believes" the statement to be true.

Of course, after Foria filed its motion to dismiss, Nitches and Kohl's abandoned the generic allegations shown in the complaint in favor of speculation about every sort of specific contact that they could imagine between Foria and this District—but again without any regard for whether any of these ruminations were true. It appears that Nitches and Kohl's cannot support any of their speculations but instead intend to use them as a stepping stool for reaching their goal of obtaining jurisdictional discovery. In other words, Nitches and Kohl's argument is something like this: "We have alleged every conceivable connection that can be imagined, whether or not it actually exists, and so even if we can't prove any of this, we've made enough allegations that the Court must allow us to go forward with discovery."

But, of course, this argument is wrong. In fact, allowing jurisdictional discovery based on assumption, speculation, and false accusations of misconduct only encourages plaintiffs and their counsel to fill their papers with fiction—as in this case. Or, as this Court held in Crist, "[i]t evident from consideration of these assertions that plaintiffs' claim of jurisdiction is groundless and strung together with a bare thread of speculation and the slimmest of hopes that jurisdictional discovery would unearth some fact to support their otherwise unsubstantiated allegations."[59] Jurisdictional discovery based on speculation, rumination and falsehoods of the sort being offered by Nitches and Kohl's is

---

[59] Crist, 995 F. Supp. at 13.

both improper and contrary to the interests of fairness and justice that are supposed to guide these proceedings.  This Court, therefore, should reject Nitches and Kohl's request.

**E.      All of the Relevant Factors Favor Transfer of Venue to the Central District of California, and Nitches and Kohl's have Provided No Evidence to Contradict this Result.**

Regarding transfer of venue under 28 U.S.C. § 1404(a), the law in this Circuit and others is quite clear.  When the plaintiff chooses to file an action in a district that has no connection at all to either the plaintiff or the underlying litigation, then its choice of venue is afforded very little deference, if any.[60]  Instead, the Court is free to weigh the various factors and decide—based on the outcome of these factors alone—which venue best serves the convenience of the parties and witnesses and the interests of justice.[61]  The relevant factors to be weighed are described at length in Foria's original motion papers.

In this case, there is no basis at all for jurisdiction over Foria or venue in this District, as Foria has no purposeful, minimum contacts with this District and, even if one assumes all of Nitches and Kohl's statements to be true, none of their so-called "contacts" is related to the underlying claims in this litigation.  For these reasons alone, the Court is required to dismiss this case for lack of personal jurisdiction and improper venue as described further in Foria's motion papers.

But, even ignoring the question of jurisdiction, the facts here weigh so heavily in favor of transfer that, frankly, it is difficult to imagine a stronger case.  This is basically a

---

[60] See Schmidt v. American Inst. of Sci, 322 F. Supp. 2d 28, 33 (D.D.C. 2004) (citation omitted); Trout Unlimited v. United States Dept. of Agric., 944 F. Supp. 13, 17 (D.D.C. 1996) ("The showing that defendants must make is lessened when the 'plaintiff[s'] choice [of forum] has no factual nexus to the case,' and where, as in this case, transfer is sought to the forum with which plaintiffs have substantial ties and where the subject matter of the lawsuit is connected to that state."); Armco Steel Co. v. CSX Corp., 790 F. Supp. 311, 323 (D.D.C. 1991).

[61] Schmidt, 322 F. Supp. 2d at 31-32 (citing Trout Unlimited, 944 F. Supp. at 16).

Case 1:05-cv-01078-ESH    Document 12    Filed 07/12/2005    Page 22 of 25

copyright infringement case between two California companies—one located near Los Angeles (Foria) and one located in San Diego (Nitches).  No amount of fancy footwork can change this simple truth.

In a nutshell, Foria came up with its copyrighted design at its offices near Los Angeles and continues to sell goods bearing this design out of these same offices.[62]  The artist, a Foria employee, lives and works in the Los Angeles area, and all of Foria's other witnesses and records are located in the same area.[63]  On the other hand, it appears that Nitches came up with the infringing design at its offices in San Diego, where all of Nitches's witnesses and records are located.[64]  And, while Kohl's is located in Wisconsin, Kohl's is relevant to this dispute simply as the retailer that sold Nitches's infringing t-shirts to the public.  The various factors relevant to the Court's analysis are described in greater detail below.  But even without any details and based only on the facts recited in this paragraph, how Nitches and Kohl's can claim that this Court is the most convenient for the parties and witnesses?  Or that this Court best serves the interests of justice?  No disrespect intended, but the plaintiffs' arguments here are ridiculous.

Now, as for the specifics of Nitches and Kohl's opposition papers:

1.      The District of Columbia has no ties to this controversy and no particular interest in the parties or subject matter.  As has been shown, filing a copyright does not constitute presence in or purposeful contact with this District.[65]  And, whatever goods

---

[62] Mang I, ¶¶ 2-3.

[63] Id.; Clingan Decl., ¶ 3.

[64] Wyandt Decl., ¶¶ 10, 12; Gray Decl., ¶ 11.

[65] Atlantigas, 290 F. Supp. 2d at 44; Naartex, 722 F.2d at 787; Mallinckrodt Med., 989 F. Supp. at 271; Freiman, 925 F. Supp. at 24; Environmental Research, 355 A.2d at 813.

Foria may have shipped at the direction of a Florida customer, the goods shipped by Foria are irrelevant to the question of whether Nitches and Kohl's infringed Foria's copyright. Nitches has failed to mention whether it shipped any of the allegedly infringing t-shirts to this District. Kohl's does not even have a store in this District.[66] In other words, there is no meaningful connection whatsoever between this case or the parties and the District of Columbia, and plaintiffs' choice of forum is certainly entitled to no deference for that very reason.

2.    Both Nitches and Kohl's have very significant connections to the Central District of California, which neither mentions in their opposition papers. Among other things, Nitches maintains a showroom in Los Angeles and solicits orders from national retailers from this location.[67] Kohl's maintains a significant distribution center in San Bernardino, as well as at least 10 retail stores in the greater Los Angeles area.[68] In other words, both plaintiffs already have significant, permanent offices, employees and operations in the Los Angeles area.

3.    Nitches and Kohl's misstate the distance between Nitches's offices and the Central District of California. In their papers, Nitches and Kohl's actually argue (and expect this Court to believe) that it is more of a burden for Nitches's employees to travel to the Central District of California—which is less than 80 miles away—than to this Court—which is more than 3,000 miles away.[69] In fact, while Los Angeles and San Diego may not be neighboring communities, Nitches's offices are close enough to the

---

[66] Marcus I, ¶ 3 & Exhibit A.

[67] Marcus II, Exhibit A.

[68] Marcus I, ¶¶ 3-5, and Exhibits A-C.

[69] See Opposition at 12-13; Wyandt Decl., ¶¶ 10-12; Gray Decl., ¶ 11.

Central District of California that they are within the court's 100-mile subpoena power.[70]
And so there can be no dispute that litigating this case in the Central District of California
would not represent any real burden to either Nitches or Kohl's.

       4.     Moreover, the Central District of California is connected to the underlying
facts of this dispute in a way that no other venue can duplicate.  The artist who created
the copyrighted design at issue resides in the Central District and is an employee of Foria,
and Foria sold the t-shirts bearing this design from its offices in that District.  Nitches
also maintains permanent showrooms in Los Angeles—from which it apparently sells its
entire line of goods, including the infringing t-shirts.  And Kohl's carried the infringing t-
shirts in its stores in Los Angeles.[71]  Finally, Foria has now filed its action for copyright
infringement against Nitches and Kohl's in the Central District of California, and so
litigation between these same parties is already pending in that court.  Nitches and Kohl's
do not offer any remotely comparable facts to weigh in favor of retaining venue in this
Court, and even concede that this action could have been brought in the Central District
originally.[72]

       5.     Finally, as a last ditch effort, Nitches and Kohl's argue that, if this matter
should be transferred at all, it should be transferred to the Southern District of California.
But, as part of their burden under 28 U.S.C. § 1404, Nitches and Kohl's must show that
venue would be proper in any transferee forum.[73]  Under 28 U.S.C. § 1391, when a state
consists of more than one judicial district, a corporate defendant is only deemed to reside

---

[70] Marcus II, Exhibits B & C.

[71] See Clingan Decl., Exhibit A (Complaint).

[72] Opposition at 11.

[73] Schmidt, 322 F. Supp. 2d at 31 (citing Trout Unlimited, 944 F. Supp. at 16).

in the judicial district in that state "within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State …." In other words, for Nitches and Kohl's to show that transfer to the Southern District of California is proper, they would need to demonstrate that Foria has sufficient minimum contacts with the Southern District that, if the Southern District were a separate state, Foria would be subject to personal jurisdiction there. And Nitches and Kohl's have not presented **any** such evidence.

## CONCLUSION

For the reasons set forth above and in Foria's initial motion, Foria requests that this Court dismiss this action for lack of personal jurisdiction and improper venue, or in the alternative, transfer the action to the Central District of California.

Date: July 12, 2005                    Respectfully submitted,

_____/s/_____
Jeffrey L. Eichen (D.C. Bar # 491035)
Michelle M. Marcus (D.C. Bar # 482627)
VENABLE LLP
575 7th Street N.W.
Washington, DC 20004
Tel:  (202) 344-4000, Fax:  (202) 344-8300
Email:  mmmarcus@venable.com

Of Counsel:
Kassandra Clingan, Esq.
Mark Fang, Attorney At Law, P.C.
215 E. Daily Drive, Suite 9
Camarillo, CA 93010
(805) 383-2788

Attorneys for Defendant Foria International, Inc.