UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KOHL'S DEPARTMENT STORES, :
INC., and NITCHES, INC., :
      Plaintiffs, :
      v. :   Case No. 1:05-CV-01078 (ESH)
       :
FORIA INTERNATIONAL, INC., :
      Defendant. :

### SUPPLEMENTAL DECLARATION OF TEDDY MANG

I, TEDDY MANG, hereby declare as follows:

1. As I described in my declaration dated June 22, 2005, I am president and chief executive officer of Foria International, Inc. ("Foria"), a California corporation with its principal place of business in City of Industry, California. I have personal knowledge of the facts set forth below and, if called upon, can and will testify to each of them competently.

2. In paragraph 4 of my declaration dated June 22, 2005, I stated that "Foria has no customers in the District of Columbia and has never shipped any goods to or received payments from the District of Columbia."

3. It is absolutely correct that Foria has no customers in the District of Columbia. Foria has approximately 700 customers located throughout the United States. None of these customers, however, are located in the District of Columbia.

4. Foria has not received payment from anyone in the District of Columbia in the past 10 years. Foria has annual sales of approximately $32 million. Payment to Foria comes in the form of check or wire transfer from each of Foria's customers. But Foria has not received any payment of any kind from a customer (or anyone else, for that matter) located in the District of Columbia for a period of at least 10 years.

5.   As for shipments to the District of Columbia, I have recently discovered that Foria has in fact shipped goods directly to the District of Columbia—but ONLY at the direction (and expense) of a customer called Stein Mart Buying Corp. ("Stein Mart"), which is located in Jacksonville, Florida.

6.   Before drafting my initial declaration, I spoke with my shipping and billing staff and researched shipping and billing records to determine whether Foria had any customers in the District of Columbia. I have always known Stein Mart as a Florida customer (and that is how we list them) because all of our dealings have been with Stein Mart's Jacksonville offices. I was unaware of the fact that we ship goods directly to their stores. After learning of Nitches and Kohl's allegations regarding shipments to Stein Mart, I returned to the shipping and billing records and staff to recheck my facts. Only then did I become aware of the fact that Stein Mart's Jacksonville employees do instruct our shipping department to send goods directly to Stein Mart's store in D.C. at Stein Mart's expense.

7.   Basically, Foria's entire relationship with Stein Mart is through Stein Mart's Jacksonville headquarters. Foria receives purchase orders by electronic data interchange from Stein Mart's Jacksonville headquarters. Stein Mart's purchase orders describe the particular goods being ordered and their sizes, quantities and prices. When Foria receives a purchase order from Stein Mart, Foria generates an invoice for payment and sends the invoice back to Stein Mart's Jacksonville office via electronic data interchange. Foria then receives payment for this invoice in the form of a Stein Mart wire transfer from a factoring account from a Florida bank, and sent by wire transfer from Stein Mart's Jacksonville offices. If Foria has any questions or problems regarding an

order, Foria calls Stein Mart's buyer at the company's Jacksonville telephone number. Over the years, Foria's sales people have visited Stein Mart's Jacksonville headquarters regularly to show them samples or solicit orders.

8. The only unusual thing about Foria's business with Stein Mart is that, unlike virtually all of the other 700 customers that Foria does business with, Stein Mart requires Foria to ship its goods directly to Stein Mart's retail stores. In other words, for all but three retail chain stores with whom Foria does business, Foria ships its goods to the customer's headquarters or to a distribution center—where the goods are then divided up and shipped to the individual retail stores. Stein Mart, however, requires Foria to divide up its goods into separate shipments for each of Stein Mart's stores and then requires Foria to ship goods directly to each of Stein Mart's stores.

9. Foria has no control or influence whatsoever over where Stein Mart chooses to have its goods shipped, and all charges for shipping these goods are paid by Stein Mart. So, if Stein Mart's buyer in Jacksonville, Florida, directs Foria to ship goods to the District of Columbia or North Dakota or Hong Kong, then Foria simply ships the goods to the location of Stein Mart's choice.

10. As I mentioned above, out of Foria's approximately 700 customers, Stein Mart is one of only three chain stores that has goods shipped directly to its individual stores. And so, when I signed my earlier declaration, I was not even aware of Stein Mart's unusual shipping arrangement with my company. As I later discovered, however, Stein Mart has one retail store located in Washington, DC, and Foria has in fact shipped goods to this address at the request of—and at the expense of—Stein Mart in Jacksonville.

3

11. As I also mentioned above, Foria has annual sales of approximately $32 million. Out of this total, our shipments to Stein Mart's Washington, DC, store have been truly microscopic in size. In 2003, Foria shipped a total of $6,500 worth of goods to Stein Mart's DC store—which represents approximately 0.02 % of Foria's 2003 sales. In 2004, Foria shipped a total of $8,500 worth of goods to Stein Mart's DC store—representing approximately 0.03 % of Foria's 2004 sales. And to date in 2005, Foria has shipped a total of $3,300 worth of goods—representing approximately 0.03 % of Foria's 2005 sales for the same period.

12. For all of these shipments, Foria has received instructions directly from Stein Mart's headquarters in Jacksonville, Florida. All of the costs of shipping these goods are paid by Stein Mart's headquarters in Jacksonville, Florida. Foria has no contact whatsoever with Stein Mart's DC store—or any of Stein Mart's retail stores, for that matter. Instead, all of our dealings with Stein Mart are through Stein Mart's Jacksonville headquarters, as I mentioned above.

13. Finally, the Court should be aware that none of the goods shipped to Stein Mart's DC store are related in any way to the copyright infringement claim that Foria has against Nitches and Kohl's Department Stores. In a nutshell, Nitches and Kohl's have copied directly from certain of Foria's copyrighted designs in order to produce knock-off versions of these products. This claim is not connected or related in any way to the goods that Stein Mart ordered for shipment to its DC store.

14. As part of this litigation, I have also double-checked all of the other statements shown in my original declaration, and I am certain that all of them are true. Specifically, Foria has never engaged in or solicited any business within the District of

Columbia and has never sent employees to the District of Columbia for the purpose of engaging in or soliciting business. Foria does not have any agents, employees or representatives in the District of Columbia. Foria has never entered into any form of contract in the District of Columbia or with any party located in the District of Columbia. Foria has never attended a trade show in the District of Columbia. Foria has never advertised for business in the District of Columbia or sent catalogs or any other form of direct mail advertising to the District of Columbia. Foria does not maintain a web site. And Foria does not have a District of Columbia telephone number or any bank accounts, investment accounts or any other form of personal or real property located in the District of Columbia.

15.    I have also had a chance to go through the various declarations submitted by Nitches and Kohl's in this matter. The declarations are filled with assumptions and suppositions about contacts that they believe Foria must have with the District of Columbia. None of these assumptions or suppositions, however, is correct.

16.    For example, in the declaration of Paul Wyandt, Mr. Wyandt assumes that, because Nitches sells to Hecht's Department Stores, Foria must also do the same and therefore Foria has contacts with the District of Columbia through this customer. But Mr. Wyandt's assumption is incorrect on multiple levels. First, Foria does not sell to Hecht's. Second, while Hecht's may have retail stores located in the District of Columbia, its corporate offices (and presumably its buyers) appear to be located in Arlington, Virginia. Third, Hecht's is a division of the May Department Stores Company, which is located in St. Louis, Missouri. And so there is no contact whatsoever between Foria and the District of Columbia through Hecht's Department Stores.

17.     Mr. Wyandt also states that Nitches has sold $54,000 worth of goods to three different companies in the District of Columbia for the first six months of 2005. He assumes, therefore, that Foria has similar sales in the District of Columbia. But this is also incorrect. As I stated above, Foria has no customers at all located in the District of Columbia and has sold no goods in the District of Columbia. As for the small amount of goods shipped to the District of Columbia, Foria shipped these goods at the direction and expense of its customer Stein Mart, located in Jacksonville, Florida. Mr. Wyandt's assumptions simply are incorrect.

18.     In her declaration, Megan Gray states that Foria has offices located in California and New York. This is also incorrect. Foria has offices in only one location—City of Industry, California—and does not have offices, warehouses or factories anywhere else in the United States. Foria does have a showroom in New York City with one full-time employee. A Foria sales manager for the United States travels to the showroom on a regular basis. No manufacturing or shipping is done at the showroom, and orders are only occasionally taken there.

19.     Nitches and Kohl's further contend that Foria has contacts with the District of Columbia by virtue of an investment in an apparel company called 33 Degrees. Foria has no ownership interest in 33 Degrees. In fact, a company called John Finch International used to own the 33 Degrees brand of clothing before it went out of business. Foria does not own any interest in John Finch International, but some of Foria's shareholders had invested money in John Finch International before it went out of business. John Finch International is not a party to, and has no connection with, this litigation.

20. Nor does Foria have contacts in the District of Columbia through a founder, Mr. Frank Yuan. Mr. Yuan left Foria in 1986 and has had no contact with Foria since that time.

21. Finally, I understand that a paralegal from Ms. Gray's office purchased one of Foria's t-shirts at the Stein Mart store located in the District of Columbia. The t-shirt that she purchased, however, is completely unrelated to the copyrighted designs that were misappropriated by Nitches and Kohl's in this case. As even a casual observer can see, the t-shirt purchased by Ms. Gray's paralegal does not have the "woody" station wagons or surfboards that characterize the design at issue in this litigation.

22. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 7/11/2005

Teddy Mang, President
Foria International, Inc.