UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KOHL'S DEPARTMENT STORES, )
INC., and NITCHES, INC., )
        Plaintiffs, )
  v. )   Case No. 1:05-CV-01078 (ESH)
 )
FORIA INTERNATIONAL, INC., )
 )
        Defendant. )

**FORIA'S OPPOSITION TO
MOTION FOR JURISDICTIONAL DISCOVERY**

Foria submits this pleading in further opposition to Nitches's and Kohl's motion for jurisdictional discovery. Foria also addresses this issue in its reply in support of its motion to dismiss or, in the alternative, to transfer venue.[1]

**A.   Kohl's and Nitches Have Not Presented Evidence Sufficient to Merit Jurisdictional Discovery**

The right to jurisdictional discovery is neither absolute nor unfettered.[2] A plaintiff must meet certain requirements before discovery will be granted, and even so, the Court has broad discretion over the question.[3] To obtain jurisdictional discovery, it is not enough for the plaintiff to contend that it could prove its suspicions if only it were permitted to conduct jurisdictional discovery.[4] As this Court has held, jurisdictional

---

[1]   See Reply, Docket Entry No. 12.

[2]   Dickson v. United States, 831 F. Supp. 893, 900 (D.D.C. 1993) (citing Naartex v. Watt, 722 F.2d 779, 788 (D.C. Cir. 1983)).

[3]   Id.

[4]   Atlantigas Corp. v. Nisource, Inc., 290 F. Supp. 2d 34, 53 (D.D.C. 2003).

discovery is to be permitted "only to verify allegations of specific facts."[5] A general inability to obtain jurisdictional facts is not enough to warrant discovery.[6]

To meet this burden, the plaintiff must make a "detailed showing of what discovery it wishes to conduct or what results it thinks such discovery would produce,"[7] and must show that the discovery sought is "precisely focused" on matters related to personal jurisdiction.[8] And the plaintiff's request must be supported by at least a good faith belief that discovery will enable it to demonstrate the existence of personal jurisdiction.[9] The plaintiff must come forward with some "colorable basis for jurisdiction before subjecting the defendant to intrusive and burdensome discovery."[10]

And so, when the plaintiff fails to present facts that could establish personal jurisdiction, courts in this Circuit have routinely held that jurisdictional discovery is properly denied.[11] Likewise, discovery is improper when the plaintiff's request for

---

[5] Crist v. Republic of Turkey, 995 F. Supp. 5, 13 (D.D.C. 1998) (internal citation omitted); see also Dickson, 831 F. Supp. at 900 ("Basic fact-finding should precede the filing of a lawsuit; the insufficiency of the Plaintiff's Complaint does not warrant any form of discovery for personal jurisdiction.").

[6] Crist, 995 F. Supp. at 13.

[7] Atlantigas, 290 F. Supp. 2d at 53 (internal citations omitted).

[8] Diamond Chem. Co. v. Atofina Chems., Inc., 268 F. Supp. 2d 1, 16 & n.13 (D.D.C. 2003)

[9] Caribbean Broadcasting Sys., Ltd. v. Cable & Wireless PLC, 148 F.3d 1080, 1090 (D.C. Cir. 1998) (citing cases); Formica v. Cascade Candle Co., 125 F. Supp. 2d 552, 556 (D.D.C. 2001).

[10] Caribbean Broadcasting, 148 F.3d at 1090 (internal citation omitted); see also Diamond Chem. Co., 268 F. Supp. 2d at 15; Bancoult v. McNamara, 214 F.R.D. 5, 13 (D.D.C. 2003) (plaintiff must first sufficiently demonstrate it can supplement jurisdictional allegations through discovery).

[11] Formica, 125 F. Supp. 2d at 556 (citing Naartex, 722 F.2d at 788 (denying jurisdictional discovery where pleadings contained "no allegations of specific facts that could establish the requisite contacts"); Diamond Chem. Co., 268 F. Supp. 2d at 15

jurisdictional discovery is supported only by conclusory allegations and speculation.[12] Without a colorable basis for jurisdiction, it is entirely proper and not an abuse of discretion for the Court to dismiss the plaintiff's case without allowing for jurisdictional discovery.[13]

In this case, Nitches and Kohl's have failed to meet any of the requirements for jurisdictional discovery, and so jurisdictional discovery is not warranted. Specifically, they have not demonstrated that jurisdictional discovery will both establish minimum contacts and connect their claims to the facts supporting jurisdiction.

In their complaint, Nitches and Kohl's include only generalized, conclusory allegations apparently drawn from a form book, rather than from the facts of this case. Once Foria filed its motion to dismiss, Nitches and Kohl's were obligated to come forward with specific allegations supporting its jurisdictional allegations.[14] But Nitches's and Kohl's opposition fails to provide any factual basis for the challenged contentions.[15] Instead, Nitches and Kohl's fill their papers with speculation, conclusions, and assumptions based on nothing but their unfounded belief that minimum contacts must

---

(discovery may be denied when plaintiff fails to present facts establishing jurisdiction) (citing cases).

[12] Crist, 995 F. Supp. at 12 ("Requests for jurisdictional discovery should be granted only if the plaintiff presents 'non-conclusory allegations that, if supplemented with additional information, will materially affect the court's analysis") (citing Millicom Int'l Cellular, S.A. v. Republic of Costa Rica, 1997 U.S. Dist. LEXIS 12622 (D.D.C. Aug. 18, 1997)).

[13] Caribbean Broadcasting, 148 F.3d at 1090; Diamond Chem. Co., 268 F. Supp. 2d at 15; Bancoult, 214 F.R.D. at 13.

[14] Caribbean Broadcasting, 148 F.3d at 1090.

[15] See Opposition to Motion to Dismiss at 8-9. The only "facts" presented are alleged sales to Stein Mart's D.C. store, but Foria has demonstrated that the so-called "contacts" between itself and Stein Mart are not the type of contacts necessary for personal jurisdiction to attach. See Reply at 3-5, 12.

somehow exist between Foria and the District of Columbia. "Jurisdictional discovery can only be characterized as inappropriate when plaintiffs 'allege much less than they imply' in the way of commercial activity."[16] And so Nitches and Kohl's unfounded allegations do not support the granting of jurisdictional discovery.[17]

Nitches and Kohl's have also completely failed to demonstrate that any of the "facts" alleged, whether or not supplemented by jurisdictional discovery, give rise to the claims asserted in the complaint, as required by D.C.'s long-arm statute.[18] Nor can they. The question of whether Foria sold goods to customers in the District of Columbia has absolutely nothing to do with whether Nitches and Kohl's infringed Foria's copyright. And none of the facts alleged or imagined by Nitches and Kohl's in their pleadings can overcome that critical disconnect.

"The chasm that separates plaintiffs' jurisdictional allegations and what is actually required to justify jurisdictional discovery . . . is simply too immense to be bridged solely by plaintiffs' theories of the commercial activities that may be occurring in [the District]."[19] Without even a colorable basis for asserting jurisdiction here, Nitches and Kohl's are not entitled to jurisdictional discovery and their complaint should be dismissed.

Moreover, Nitches's and Kohl's jurisdictional discovery "motion" fails to detail the discovery sought or demonstrate how that discovery would cure the deficiencies in their jurisdictional allegations. Courts in this Circuit have repeatedly held that requests

---

[16] Crist, 995 F. Supp. at 13 (internal citation omitted)

[17] Crist, 995 F. Supp. at 13

[18] See D.C. Code § 13-423(b).

[19] Crist, 995 F. Supp. at 13.

for jurisdictional discovery be targeted at verifying specific facts and demonstrate that the discovery will not be futile.[20] But that is also missing here.

To start, if Nitches's and Kohl's list of alleged contacts can even be construed as jurisdictional discovery requests, they reflect no precision at all. Instead, they demonstrate Nitches's and Kohl's intent to seek discovery of every possible business relationship or contact, every advertisement, shipping record and domestic license, the details of Foria's global distribution system, and probe into the dealings of unaffiliated companies and individuals, all in the hope of piecing together something on which to base their allegations.[21]

Finally, Nitches and Kohl's have not shown that jurisdictional discovery here will be anything more than a fruitless fishing expedition. For its part, Nitches and Kohl's claim only a "reason to believe" that contacts exist and that discovery will find them, an approach that has been roundly rejected by this Court.[22] Foria, however, has demonstrated that it has no contacts with the District, and even more importantly, that there is no connection between any of the alleged contacts and the claims at issue here.

---

[20] Crist, 995 F. Supp. at 12-13 (citing cases); see also Caribbean Broadcasting, 148 F.3d at 1089-90; Atlantigas, 290 F. Supp. 2d at 5 (citation omitted); Diamond Chem. Co., 268 F. Supp. 2d at 16 & n.13.

[21] See Opposition at 9.

[22] Caribbean Broadcasting, 148 F.3d at 1089-90; Bancoult, 214 F.R.D. at 13 ("the plaintiffs' allegations in this case show ties between the District of Columbia and [defendant] that are tenuous at best, particularly in light of DCDM's affidavits and the significant hurdle posed by the minimum-contacts requirement. Their allegations are simply too bare to support an inference of jurisdiction."); Atlantigas, 290 F. Supp. 2d at 53 (plaintiffs' generalized predictions and conclusory and vague allegations insufficient to warrant jurisdictional discovery); Crist, 995 F. Supp. at 13 (rejecting plaintiffs' request for discovery as premised on theory, conjecture, and hypotheticals); Dickson, 831 F. Supp. at 900 (rejecting plaintiff's broad, conclusory allegations of jurisdiction and request for discovery in light of CIA's tradition of secrecy and bad faith).

5

Discovery here would thus attempt to prove a negative, the epitome of futility. As jurisdictional discovery cannot cure the defects in Nitches's and Kohl's jurisdictional arguments, it is not proper here.

B.  **Should the Court Grant Jurisdictional Discovery, Nitches and Kohl's Will Face a Higher Burden of Proof**

Nitches and Kohl's are not entitled to jurisdictional discovery for the reasons asserted. But if discovery is granted, Nitches and Kohl's will be required to establish personal jurisdiction by the preponderance of the evidence, or else its complaint must be dismissed.

The opportunity to conduct jurisdictional discovery in response to a motion brings with it a significant increase in the burden of proof to be borne by the plaintiff: following discovery, the plaintiff must be able to prove the existence of personal jurisdiction not by a *prima facie* showing, but by a preponderance of the evidence.[23] When the plaintiff cannot meet that burden, dismissal is proper.

As has been shown, Nitches and Foria have failed to present even a *prima facie* case supporting personal jurisdiction. They have failed to present facts supporting jurisdiction, and significantly, have failed to prove a connection between jurisdictional facts and the claims it has asserted against Foria. Nor have they shown how jurisdictional discovery of the allegations they assert in their opposition could cure these defects in their jurisdictional argument. It thus appears extremely unlikely that discovery will

---

[23] Jung v. Association of Am. Med. Colleges, 200 F. Supp. 2d 119, 127-28 (D.D.C. 2004); In re Vitamins Antitrust Litig., 2001 U.S. Dist. LEXIS 25073 *21-22 (D.D.C. Oct. 30, 2001); Shapiro, Lifschitz & Schram, P.C. v. Hazard, 24 F. Supp. 2d 66, 69 (D.D.C. 1998) (citing Landoil Resources Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043 (2d Cir. 1990)).

enable Nitches and Kohl's to prove personal jurisdiction under D.C.'s long-arm statute by the preponderance of the evidence and save their complaint from dismissal.

C. **Should the Court Grant Jurisdictional Discovery, the Same Opportunity Should Be Afforded to Foria**

If the Court does determine that jurisdictional discovery would be proper before dismissal, then Foria respectfully requests that it too be allowed to conduct discovery into the basis for the jurisdictional allegations in Nitches and Kohl's complaint. Basic fact-finding must be conducted before a complaint is filed.[24] And once Foria filed its motion to dismiss, Nitches and Kohl's were obligated to come forward with specific allegations supporting its jurisdictional allegations.[25] But the only "contact" for which Nitches and Kohl's provide any support – Foria's goods appearing in Stein Mart's D.C. store – appears to have been discovered well after Nitches and Kohl's filed its complaint.[26] Only speculation and supposition underlie the other contacts. It thus appears that Nitches and Kohl's had no facts supporting its belief in personal jurisdiction in this District when it filed its complaint, and did not file its complaint in good faith as required by at least Federal Rule of Civil Procedure 11. Accordingly, should a period of jurisdictional discovery be granted to Nitches and Kohl's, Foria should be afforded an equal

---

[24] Dickson, 831 F. Supp. at 900.

[25] Caribbean Broadcasting, 148 F.3d at 1090.

[26] The complaint in this action was filed on May 27, 2005, asserting personal jurisdiction on information and belief. No mention whatsoever was made of Stein Mart or any other facts supporting jurisdiction. The Stein Mart goods referred to in Foria's opposition as the basis for personal jurisdiction were not purchased until July 5, 2005. See Walker Decl., ¶¶2-6. In fact, it appears that plaintiffs' counsel may not have even visited the Stein Mart store until that day. Id.; see also Gray Decl., ¶¶ 14-15.

opportunity to conduct limited discovery into the timing and substance of Nitches's and Kohl's basis for alleging personal jurisdiction over Foria in this Court.

## CONCLUSION

For the reasons set forth above and in Foria's reply in support of its motion to dismiss, Foria requests that this Court deny Nitches's and Kohl's motion for jurisdictional discovery and dismiss this action for lack of personal jurisdiction.

Date: July 18, 2005

Respectfully submitted,

/s/
_____
Jeffrey L. Eichen (D.C. Bar # 491035)
Michelle M. Marcus (D.C. Bar # 482627)
VENABLE LLP
575 7th Street N.W.
Washington, DC 20004
Tel: (202) 344-4000
Fax: (202) 344-8300
Email: mmmarcus@venable.com

Of Counsel:
Kassandra Clingan, Esq.
Mark Fang, Attorney At Law, P.C.
215 E. Daily Drive, Suite 9
Camarillo, CA 93010
(805) 383-2788

Attorneys for Defendant Foria International, Inc.