UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KOHL'S DEPARTMENT STORES, )<br>INC., and NITCHES, INC., )<br>              Plaintiffs, )<br>  v. )<br>)<br>FORIA INTERNATIONAL, INC., )<br>)<br>              Defendant. ) | Case No. 1:05-CV-01078 (ESH) |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' SURREPLY**

Defendant Foria International, Inc. ("Foria"), by and through its undersigned counsel, respectfully moves this Court for the entry of an Order striking Plaintiffs' surreply in opposition to Foria's motion to dismiss or, in the alternative, to transfer.

It is well-settled that a party seeking to file a surreply **must** move the Court for leave to file the surreply before filing such a pleading.[1]  In that absence of such a motion, the Court should strike the pleading as unauthorized.[2]  Moreover, a surreply may only be filed to address entirely new matters raised in a reply, and not to reiterate arguments made (or should have been made) in the original opposition.[3]

In this case, Nitches and Kohl's failed to file **any** motion for leave to file a

---

[1] Robinson v. Detroit News, Inc., 211 F. Supp. 2d 101, 113 (D.D.C. 2002); see also Groobert v. President & Dirs. of Georgetown College, 219 F. Supp. 2d 1, 13 n.2 (D.D.C. 2002) (admonishing plaintiff that although federal and local rules in this district are silent on the matter, it is standard practice to file a motion seeking leave to file surreply, rather than merely presenting surreply to court) (citing cases).

[2] Robinson, 211 F. Supp. 2d at 113; Rushing v. Leavitt, 2005 U.S. Dist. LEXIS 3979 *2 n.1 (D.D.C. Mar. 7, 2005).

[3] U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc., 238 F. Supp. 2d 270, 276 (D.D.C. 2002) (further doubting that the existence of statutes or case law can ever be "new matter" supporting the filing of a surreply); Robinson, 211 F. Supp. 2d at 113.

surreply before filing its papers.[4]  Under the long-recognized rule of practice in this Court, such a filing must automatically be stricken.

Even if the Court were to grant permission *nunc pro tunc* for Nitches and Kohl's to file a surreply, the Court should still strike the arguments raised in their filing.  This Court has roundly rejected surreplies that consist of reiterations of arguments made in previously-filed responses.[5]  And Nitches and Kohl's have done exactly that.  Despite claiming that Foria raised new matters in its reply, Nitches and Kohl's instead use their surreply to reargue the positions they took in its original opposition,[6] or even to take directly contradictory positions to those they took originally.[7]

Nitches and Kohl's had every opportunity to make these arguments in their opposition, but chose not to.[8]  Nitches and Kohl's cannot now use their improperly-filed surreply to get the "last bite at the apple."  And so Nitches's and Kohl's surreply must be stricken.

---

[4] See Docket Entry No. 15, filed July 19, 2005 (filed as a reply in support of Nitches and Kohl's motion for jurisdictional discovery and in surreply to Foria's motion to dismiss/transfer).

[5] Robinson, 211 F. Supp. 2d at 113.

[6] For example, Nitches and Kohl's spend 5 pages rearguing their position on Foria's motion to transfer venue (see Surreply at 9-13); revisit the "continuous and systematic contacts" argument first raised in their Opposition (see Surreply at 6-8); and try to connect jurisdictional facts to their claim as required by D.C.'s long arm statute (Surreply at 7-8) and argue a "stream of commerce" theory of jurisdiction (Surreply at 3-6), both of which should have been done in their Opposition.

[7] Compare Opposition at 3 (asserting D.C. Code § 13-334(a) as basis for Nitches and Kohl's assertion of general jurisdiction) with Surreply at 2-3 (claiming D.C. Code § 13-334(a) is "inapplicable" as basis for assertion of general jurisdiction).

[8] United States v. Baroid Corp., 346 F. Supp. 2d 138, 144 (D.D.C. 2004) (plaintiff "took a litigation gamble" by not fully addressing arguments in its opposition and lost; motion for leave to file surreply denied) (citing Pogue, 238 F. Supp. 2d at 277).

## **CONCLUSION**

For the foregoing reasons, Foria respectfully requests that the Court enter an Order granting Foria's motion and striking Nitches and Kohl's surreply.

Date: July 21, 2005

Respectfully submitted,

/s/
_____
Jeffrey L. Eichen (D.C. Bar # 491035)
Michelle M. Marcus (D.C. Bar # 482627)
VENABLE LLP
575 7th Street N.W.
Washington, DC 20004
Tel: (202) 344-4000
Fax: (202) 344-8300
Email: mmmarcus@venable.com

Of Counsel:
Kassandra Clingan, Esq.
Mark Fang, Attorney At Law, P.C.
215 E. Daily Drive, Suite 9
Camarillo, CA 93010
(805) 383-2788

Attorneys for Defendant Foria International, Inc.