UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KOHL'S DEPARTMENT STORES, INC., *et al.*,<br><br>　　　Plaintiffs,<br><br>　　v.<br><br>FORIA INTERNATIONAL, INC.,<br><br>　　　Defendant. | Civil Action No. 05-1078 (ESH) |

## MEMORANDUM OPINION

Before the Court are several pleadings, including defendant's motion to dismiss, or in the alternative to transfer venue; a motion for jurisdictional discovery; and defendant's motion to strike plaintiffs' surreply. While counsel has expended endless effort slinging accusations at each other and arguing esoteric theories of jurisdiction, the Court need not resolve either the personal attacks or the legal issues, since it is patently clear that plaintiffs' choice of forum is entitled to little, if any, deference, for this jurisdiction has absolutely *no* meaningful ties to this controversy and *no* particular interest in any of the parties or the subject matter of this case. This Court will therefore exercise its discretion to transfer this matter to the Central District of California pursuant to 28 U.S.C. § 1404 (a).

### BACKGROUND

Plaintiffs seek a declaratory judgment that a design registered by defendant with the Copyright Office is not being infringed by plaintiffs and cancellation of defendant's registration.

1

Plaintiffs include Nitches, Inc., a California company based in San Diego, and Kohl's, a Wisconsin-based company that maintains department stores throughout the United States, including some 60 stores in California, but *no* store in the District of Columbia. In addition, Kohl's is one of Nitches' customers. Defendant is also a California corporation headquartered in the City of Industry, California, and is in the business of manufacturing and distributing apparel for men and boys. Defendant does not sell clothes directly to customers, but sells to department stores. The only store in Washington, D.C. that even carries defendant's clothes is Stein Mart, Inc., but there is no evidence that the design at issue here was sold by any customer of either Nitches or Fiora. It is also undisputed that the design at issue was created by an artist who lives in Los Angeles and works for the defendant in California. Given these facts and the guiding principles of law set forth below, it is clear that this case does not belong here.

## ANALYSIS

**A.     Governing Law**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under this statute, the moving party bears the burden of establishing that transfer is proper. *Trout Unlimited v. United States Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996). Defendant must make two showings. First, it must establish that plaintiffs originally could have brought the action in the Central District of California. *DeLoach v. Philip Morris Co., Inc.*, 132 F. Supp. 2d 22, 24 (D.D.C. 2000). Second, it must "demonstrate that the balance of convenience of the parties and witnesses and the interest of justice are in [its] favor." *Consol. Metal Prods., Inc. v. Am. Petroleum Inst.*, 569 F. Supp. 773, 774 (D.D.C. 1983).

In evaluating a motion to transfer pursuant to 28 U.S.C. § 1404(a), a court must weigh a number of private and public interest factors, and plaintiffs' chosen forum is of paramount consideration. *Sheraton Operating Corp. v. Just Corporate Travel*, 984 F. Supp. 22, 25 (D.D.C. 1997). Private and public interest factors include: (1) plaintiffs' privilege of choosing the forum; (2) convenience of the parties; (3) the location of counsel; (4) convenience of witnesses, including expert witnesses; (5) the location of books and records; (6) the speed with which underlying civil case may be resolved by the relevant courts; and (7) the interests of justice. *Shapiro, Lifschitz & Schram v. Hazard*, 24 F. Supp. 2d 66, 70 (D.D.C. 1998). *See also* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 3848-3854 (2d ed. 1986). Other factors to be considered are: ease of access to sources of proof; availability of compulsory process to compel the attendance of unwilling witnesses; the amount of expense for willing witnesses; the relative congestion of the calendars of potential transferee and transferor courts; and other practical aspects of expeditiously and conveniently conducting a trial. *SEC v. Page Airways, Inc.*, 464 F. Supp. 461, 463 (D.D.C. 1978).

"Section 1404(a) . . . vests 'discretion in the district court to adjudicate motions to transfer according to individualized, case-by-case consideration of convenience and fairness.'" *Reiffen v. Microsoft Corp.*, 104 F. Supp. 2d 48, 50 (D.D.C. 2000) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Plaintiffs' choice should rarely be disturbed unless the balance is strongly in favor of the defendant. *Pain v. United Techs. Corp.*, 637 F.2d 775 (D.C. Cir. 1980). *See also Armco Steel Co. v. CSX Corp.*, 790 F. Supp. 311, 323 (D.D.C. 1991) (plaintiff's choice of "home turf" forum should be afforded strong deference).

Although plaintiffs' choice of forum is given great deference, this deference is lessened

when the forum has no meaningful ties to the controversy and no particular interest in the parties or the subject matter. *Trout Unlimited*, 944 F. Supp. at 17. A court may not transfer simply because the court thinks another forum may be superior to plaintiffs' chosen forum. *Shapiro, Lifschitz & Schram*, 24 F. Supp. 2d at 66. However, courts retain broad discretion in balancing the asserted convenience and fairness to the parties. *Sheraton*, 984 F. Supp. at 25.

**B.     Transfer is Appropriate**

Applying the above governing principles of law, it is difficult to understand what conceivable reason there is for this case to have been brought here in the first instance. Obviously, given the substantial ties of all parties to the Central District of California, there can be no dispute that this case could be brought in the Central District of California,[1] while there is at least a substantial debate whether venue properly lies here or, as argued by plaintiffs, in the Southern District of California. *See Davis v. Am. Soc'y of Civil Engineers*, 290 F. Supp. 2d, 116, 120-21 (D.D.C. 2003) ("To transfer the action, the court must ensure as a preliminary matter that venue is proper and that the defendants are subject to personal jurisdiction in the tranferee forum. . . . The D.C. Circuit favors transfer under section 1406(a) 'when procedural obstacles [such as lack of personal jurisdiction, improper venue, and statute-of-limitations bars] impede an expeditious and orderly adjudication on the merits.") (internal citations omitted).

As to the second prong, in response to defendant's overwhelming showing, plaintiffs do no more than argue that their choice of forum should prevail. However, this deference is "greatly diminished when the activities have little, if any, connection with the chosen forum." *Valley*

---

[1] In fact, following the filing of this suit in D.C., defendant predictably counterattacked on June 30, 2005, by suing plaintiffs for copyright infringement and breach of accord agreement in the Central District of California. (*See* Def.'s Reply, Clingan Decl. Ex. A.)

*Cmty. Pres. Comm'n v. Mineta*, 231 F. Supp. 2d 23, 44 (D.D.C. 2002). *See also Chung v. Chrysler Corp.*, 903 F. Supp. 160, 165 (D.D.C. 1995). Furthermore, "substantially less deference is warranted when the forum preferred by the plaintiff is not his home forum." *Gemological Inst. of Am., Inc. v. Thi-Dai Phan*, 145 F. Supp. 2d 68, 71 (D.D.C. 2001). As all of the events underlying plaintiffs' suit occurred outside the District, and plaintiffs reside in California, their selection of the District of Columbia carries little, if any, weight.

As to the remaining factors, plaintiffs remaining arguments persuasively prove that this case belongs *not* here, but in California. It is clear that to the extent that any witnesses and records have been identified, they are all in California, and no evidence is located in the District. Moreover, even though plaintiffs' counsel is located here, this carries little weight in a transfer determination. *See Armco Steel Co.*, 790 F. Supp. at 324. Moreover, defendant does not reside in the District of Columbia, nor did any of the relevant actions giving rise to plaintiffs' complaint occur here. In fact, plaintiffs have been unable to point to any event that happened here. In contrast, the critical events took place in California where *all* parties have a substantial presence.

In sum, this Court should not be burdened with a case having no connection to this District. *See Air Line Pilots Ass'n v. Eastern Air Lines*, 672 F. Supp. 525, 526 (D.D.C. 1987). Transfer to the Central District of California is in the public interest, and accordingly, defendant's motion to transfer will be granted.

                                          /s/
                                    ELLEN SEGAL HUVELLE
                                    United States District Judge

Date: July 25, 2005